951 F.2d 361
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James Henry MEADOR, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 90-15677.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 20, 1991.*
Decided Dec. 30, 1991.
 
 Before WILLIAM A. NORRIS, WIGGINS and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James Henry Meador, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion. We review de novo, Iaea v. Sunn, 800 F.2d 861, 864 (9th Cir.1986), and affirm.
 
 
 3
 Meador contends that he received ineffective assistance of counsel because his attorney (1) did not adequately prepare an insanity defense, (2) "did not seem to be aware that there is a vast difference between a mental state which permits an accused to be tried and that which permits him to be held responsible for a crime," and (3) did not competently explore a psychiatrist's change of position on statements allegedly made at a pretrial conference.[1]
 
 
 4
 To demonstrate ineffective assistance, a defendant must show that his attorney's performance was deficient and that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). Deficient performance is demonstrated when "counsel made errors so serious that the counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 689. There is a strong presumption that counsel's conduct falls within "the wide range of reasonable professional assistance." Id. Prejudice is established if there is a reasonable probability that but for the counsel's error, the result of the proceeding would have been different. Id. at 694. A tactical decision by counsel with which the defendant disagrees cannot form the basis of a claim of ineffective assistance of counsel. Guam v. Santos, 741 F.2d 1167, 1169 (9th Cir.1984).
 
 
 5
 Here, it is clear from the record that Meador's attorney prepared an adequate insanity defense and was aware of the difference between a competency hearing and an insanity defense. Prior to trial, Meador's attorney moved for an examination to determine Meador's competency to stand trial. Meador was found competent to stand trial. Defense counsel then prepared an insanity defense. He petitioned the court pursuant to Fed.R.Crim.P. 17(b) to summon four witnesses to testify as to Meador's state of mind at various time prior to, subsequent to, and on the date of the crime. Thus, it is clear that counsel was aware of the difference between a competency hearing and an insanity defense.
 
 
 6
 During trial, Meador's attorney called defense witnesses in support of the insanity defense. The transcripts of the trial indicate that any change in position by the psychiatrist came as a surprise and Meador's attorney requested and was allowed to recall the psychiatrist for impeachment purposes. Thus, because Meador failed to establish deficient performance, the district court properly denied Meador's section 2255 motion. Strickland, 466 U.S. at 687.
 
 
 7
 Meador's contention that the district court erred by failing to hold an evidentiary hearing also lacks merit. A district court may deny a section 2255 motion without an evidentiary hearing only if the movant's allegations, viewed against the record, either do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal. Marrow v. United States, 772 F.2d 525, 526 (9th Cir.1985); Baumann v. United States, 692 F.2d 565, 570-71 (9th Cir.1982). Because Meador's claims of ineffective assistance of counsel do not state a claim for relief, an evidentiary hearing was not necessary and the district court properly denied Meador's section 2255 motion.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Meador's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In his section 2255 motion, Meador also contended that (1) the district court considered hearsay testimony of uncharged crimes in sentencing him; (2) the district court failed to request a presentence report; and (3) there was dispartiy in sentencing between him as his co-defendant. He does not raise these issues on appeal