955 F.2d 47
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lewis Edward LARSON, Petitioner-Appellant,
v.
Manfred MAASS, Superintendent, Oregon State Penitentiary,
Respondent-Appellee.
 No. 91-35061.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 13, 1992.*
Decided Feb. 18, 1992.
 
 Before CANBY, WILLIAM A. NORRIS and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Lewis Edward Larson, an Oregon state prisoner, appeals the district court's dismissal of his 28 U.S.C. § 2254 habeas corpus petition. We review de novo, Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989), and we affirm.
 
 
 3
 Larson contends that he was denied effective assistance of trial counsel because his counsel:
 
 
 4
 1) failed to excuse three biased jurors;
 
 
 5
 2) asked prejudicial, unfounded, and irrelevant questions during voir dire of prospective jurors;
 
 
 6
 3) failed to subpoena a material witness;
 
 
 7
 4) improperly investigated and prepared the case;
 
 
 8
 5) failed to conduct a full and vigorous cross-examination of the witnesses.[1]
 
 
 9
 To demonstrate ineffective assistance of counsel, a defendant must show that his or her attorney's performance was deficient and that the deficient performance prejudiced his or her defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). Deficient performance is demonstrated when "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance...." Id. at 689. Prejudice is established if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A tactical decision by counsel with which the defendant disagrees cannot form the basis of a claim of ineffective assistance of counsel. Guam v. Santos, 741 F.2d 1167, 1169 (9th Cir.1984).
 
 A. Biased Jurors
 
 10
 Larson contends that his counsel was ineffective because she failed to use peremptory challenges to excuse three prospective jurors. This contention lacks merit.
 
 
 11
 Three jurors stated that they knew either the judge or the prosecutor. Nevertheless, upon further questioning by the trial judge, each juror stated that he or she would have no difficulty acquitting Larson if he or she had a reasonable doubt about his guilt. Moreover, there is insufficient evidence to conclude that the failure to challenge in this case amounted to ineffective assistance of counsel. First, the jurors satisfied the judge of their impartiality when they assured him that they could base their verdict on the evidence alone. Second, there is no evidence that the jurors had discussed this case with either the judge or the prosecutor. Finally, the failure of Larson's counsel to challenge the jurors may have been a tactical decision. Therefore, Larson failed to show that his counsel's actions were outside the wide range of professionally competent assistance. Accordingly, counsel's decision did not constitute ineffective assistance of counsel. See Strickland, 466 U.S. at 687, 689; Guam, 741 F.2d at 1169.
 
 B. Questions During Voir Dire
 
 12
 Larson contends that his counsel was ineffective because she referred to episodes of physical violence between Larson and his former girlfriend during the voir dire examination. This contention lacks merit.
 
 
 13
 Defense counsel's decision to refer to episodes of physical violence between Larson and his former girlfriend was a tactical decision that legitimately could have been made to determine, before the issue came out at trial, how this information would affect a juror's reaction to Larson. Accordingly, because defense counsel made a reasoned tactical decision to ask this question, that decision did not constitute ineffective assistance of counsel. See id.
 
 C. Subpoena
 
 14
 Larson contends that his counsel was ineffective because she did not subpoena the investigating officer as a witness. This contention lacks merit.
 
 
 15
 Defense counsel stated in her affidavit that she did not think it was necessary to subpoena the investigating officer. Larson claims that the investigating officer would have testified that the burglary was committed in a compact vehicle, while Larson owns a larger vehicle. The information that Larson wanted the jury to hear, however, came out through other witnesses. Therefore, defense counsel's decision did not constitute ineffective assistance of counsel. See id.
 
 D. Improper Investigation
 
 16
 Larson contends that his counsel was ineffective because she did not conduct a proper investigation of the case. This contention lacks merit.
 
 
 17
 Defense counsel states in her affidavit that she conducted a "lengthy investigation" in this case. Moreover, Larson has not shown that his counsel's investigation was improper. Furthermore, Larson has not demonstrated a reasonable probability that the result of the proceedings would have been different had defense counsel conducted a different investigation. See Strickland, 466 U.S. at 687, 689, 694.
 
 E. Cross-examination
 
 18
 Larson contends that his counsel was ineffective because she failed to fully and vigorously cross-examine the witnesses who testified against him. This contention lacks merit.
 
 
 19
 The record shows that defense counsel cross-examined all four of the witnesses for the prosecution. The fact that Larson disagrees with the manner of defense counsel's cross-examination is not enough to constitute ineffective assistance of trial counsel. Moreover, Larson has not demonstrated a reasonable probability that the result of the proceeding would have been different had the witnesses been more vigorously cross-examined. Accordingly, defense counsel's actions during cross-examination did not constitute ineffective assistance of counsel. See id.
 
 
 20
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Circuit R. 36-3
 
 
 [1]
 Larson made the following additional claims in his section 2254 habeas petition in support of his ineffective assistance of counsel claim:
 1) failure to make a motion in limine to exclude evidence prejudicial to Larson;
 2) failure to impeach a witness for the prosecution;
 3) failure to move for an acquittal based on insufficient evidence; and
 4) failure to make a full and vigorous closing argument.
 Because Larson failed to raise these claims in his opening brief, he has waived them. See Wilcox v. Commissioner, 848 F.2d 1007, 1008 n. 2 (9th Cir.1988).