**Victor Nicholas ABATINO,**
**Plaintiff-Appellant,**

v.

**UNITED STATES of America,**
**Defendant-Appellee.**

**No. 83–4098.**

United States Court of Appeals,
Ninth Circuit.

Submitted July 6, 1984 *.

Decided Jan. 10, 1985.

* The panel finds this case appropriate for submission without argument pursuant to 28 U.S.C. 9th Cir.R. 3(f) and Federal Rule of Appellate Procedure 34(a).

Victor N. Abatino, Ashland, Or., for plaintiff-appellant.

James L. Sutherland, Eugene, Or., for defendant-appellee.

Before SNEED and NORRIS, Circuit Judges, and STEPHENS, District Judge **.

STEPHENS, District Judge:

This is an appeal from the summary dismissal of a motion made in the District Court pursuant to 28 U.S.C. § 2255. The District Court had jurisdiction pursuant to the provisions of said statute and the Court of Appeals has jurisdiction pursuant to 28 U.S.C. § 1291(c).

Victor Nicholas Abatino and his wife were indicted on three counts of income tax evasion. They were tried by a jury in Medford, Oregon, on March 18, 19 and 20, 1980. They were represented by counsel at the trial. The jury found the defendants guilty on all three counts. The jury was polled, and the clerk recorded that the verdict was unanimous, and the trial judge ordered it filed. The defendants were sentenced. They appealed their convictions and were represented by counsel in the Court of Appeals. The judgment of guilty on Count III was reversed and the judgments on Counts I and II were affirmed.

Thereafter, on September 8, 1982, the Abatinos filed a motion pursuant to 28 U.S.C. § 2255. The District Court denied the motion summarily without asking the government to file a response and without an evidentiary hearing. The Abatinos again appealed with Victor N. Abatino representing himself and his wife without the assistance of counsel.

The foundation for appellants' motion is set forth in an affidavit of Mr. Abatino which is attached to their motion:

"That the Judge gave the jury instructions late on Friday, and among his remarks were that he had another case beginning Monday morning in Eugene, 200 miles away from Medford, and he therefore had to leave, so he wanted this case finished up.

"That I was unable to find these remarks in the transcript.

"That months later I happened to meet the foreman of the jury, Mr. Kyle, at the Justice Building in Medford, and I asked him outright whether any of the jury members had been in my favor.

"That Mr. Kyle replied: 'There were some that grudgingly went for that decision.' "

In their § 2255 motion, the Abatinos contended that the sentence was imposed in violation of the Constitution and the laws of the United States in that they were not accorded a fair trial since the trial judge had given an instruction to the jury which coerced the jury into bringing in a guilty verdict without adequate time for deliberation. The reporter has certified to a complete transcript which does not contain the instruction referred to by appellants (hereafter the "Abatino instruction").

A means to obtain relief by process collateral to direct appeal is available through 28 U.S.C. § 2255 which provides in part:

"Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto."

Rule 4(b) of the Rules Governing § 2255 Proceedings in the United States District Courts expressly provides for summary dismissal such as that which occurred in this case. Rule 4(b) states, in pertinent part:

"If it plainly appears from the face of the motion and any annexed exhibits and

** Honorable Albert Lee Stephens, Jr., Senior United States District Judge for the Central District of California, sitting by designation.

the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified."

Rule 4(b) recognizes that summary dismissal of meritless motions under § 2255 is appropriate to relieve the district courts from the heavy burden which an obligation of hearings and findings on these motions would impose. The cases which have considered Rule 4(b) dismissals have been unanimous in their affirmance of the summary dismissal procedure when the record supports such dismissal.[1]

In *Baumann v. United States*, 692 F.2d 565 (9th Cir., 1982), the Ninth Circuit discussed the considerations involved in a determination of the propriety of Rule 4(b) summary dismissal. The court stated:

"A hearing must be ordered unless, viewing the petition against the record, its allegations do not state a claim for relief or are so palpably incredible or so patently frivolous or false as to warrant summary dismissal. See *Blackledge v. Allison*, 431 U.S. 63, 76, 97 S.Ct. 1621, 1630, 52 L.Ed.2d. 136 (1977) (§ 2254 petition); *Machibroda v. United States*, 368 U.S. 487, 495–96, 82 S.Ct. 510, 514–515, 7 L.Ed.2d. 473 (1962)."

The role of the appellate court in reviewing the denial of a § 2255 motion was explained as follows:

"Our review ... is limited to whether the district court's summary dismissal of Baumann's petition was proper. We must remand for responsive briefing and an evidentiary hearing if the record in this case does not 'conclusively' or 'plainly' show that Baumann was entitled to no relief." Id., 692 F.2d at 571.

■ In this case the district judge had Abatino's motion, his affidavit, and the record of the proceedings in the trial to consider, as well as his own recollection of the proceedings, to which he may properly refer in a determination of the merits of a § 2255 motion. See *Gustave v. United States*, 627 F.2d 901 (9th Cir., 1980), citing *Blackledge v. Allison*, supra. The judge denied the Abatino's motion in an order dated August 10, 1983, and filed August 11, 1983, which stated in part:

"Based upon my review of the motion and defendant's affidavit, IT IS HEREBY ORDERED, that this motion be DENIED."

■ After Abatino filed his § 2255 motion and his affidavit, the contention of the Abatinos that the Abatino instruction was omitted from the transcript was before the trial judge in the District Court who could have directed *sua sponte* its insertion into the record had there been such an omission from the transcript. See Federal Rule of Criminal Procedure 36, Federal Rule of Appellate Procedure 10(e). On the contrary, after reviewing the motion and the affidavit, he summarily ordered that the motion be denied. This infers a finding by the district judge, who has the duty of settling the record[2], that the Abatinos' motion as supported by the affidavit was "palpably incredible" or "patently frivolous or false" on its face.

This inference finds direct support in the record which is before us. Abatino's Reply Brief points to only one error, the omission from the reporter's transcript of the Abatino instruction, and states at Page 2 that Abatino complained to his attorney who paid no attention to him "and who failed to correct the record." The inherent falsity of this statement appears from the fact that at the time of trial the content of the reporter's transcript could not have been known.

In addition, assuming that the Abatino instruction was given the Abatinos have attempted to excuse their failure to raise this claim on direct appeal by contending

---

1. See *United States v. Counts*, 691 F.2d 348 (7th Cir., 1982), affirming summary dismissal of defendant's motion but expressing a preference for an explanation of the reasons for dismissal.

2. Federal Rule of Appellate Procedure 10(e), which reads in part: "If any difference arises as to whether the record truly discloses what occurred in the District Court, the difference shall be submitted to and settled by that Court and the record made to conform to the truth."

that the coercive nature of the instruction was not recognized until months later when Abatino spoke with Mr. Kyle. Obviously, if Abatino did voice an objection to his attorney when the Abatino instruction was given and his objection was not to the content of the reporter's transcript, the reason must have been because the alleged coercive nature of the instruction was recognized by Abatino at that time. The representations made by the Abatinos were inherently contradictory.

■ The Court of Appeals' review of a District Court's order must be made on the basis of the record on appeal, which comes up from the district court. In this case, the record upon which the trial judge made his decision is the same record that comes to this court, there having been no attempt to correct or supplement the reporter's transcript in the district court or the appellate court. Abatino's affidavit is not an acceptable way to amend the record. See *United States v. Mills*, 597 F.2d 693, 698 (9th Cir., 1979). The reporter's transcript of a trial is presumed to be accurate. 28 U.S.C. § 753 [3]; *United States v. Hoffman*, 607 F.2d 280, 285–86 (9th Cir., 1979); *United States v. Zammiello*, 432 F.2d 72, 73 (9th Cir., 1970). The Abatinos were responsible for the record on appeal in support of their position, and they had the burden of proof regarding the accuracy of that record.

■ The Abatinos seek to obtain relief from what they claim was an erroneous instruction to the jury. An objection to the instruction should have been made in time for the trial judge to take corrective action before submitting the case to the jury. See *United States v. Scott*, 425 F.2d 55 (9th Cir., en banc, 1970). Had objection been made, the court would have been faced with the necessity of settling the record as to whether the Abatino instruction had or had not been given. No objection was made. See Federal Rules of Criminal Procedure, Rule 30, which reads in pertinent part:

"No party may assign as error any portion of the charge or omission therefrom

unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection."

The alleged trial error should have been taken up on direct appeal, but was not. The Abatinos could have taken steps to correct the reporter's transcript, if it indeed needed correction, in time for the Court of Appeals to decide whether to notice the instruction as plain error when the case first came to this court by direct appeal. Instead, it is presented by collateral attack. The Abatinos are faced with a double procedural default, no objection at time of trial and failure to present the matter on direct appeal.

■ The standard of review applicable to this motion is stated in *United States v. Frady*, 456 U.S. 152, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982), and is referred to as the cause and actual prejudice standard.

"Under this standard, to obtain collateral relief based on trial errors to which no contemporaneous objection was made, a convicted defendant must show (1) 'cause' excusing his double procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains." 102 S.Ct. at 1594.

■ As previously noted, Abatino must have recognized the coercive and prejudicial nature of the claimed instruction at the time it was given. Therefore, the Abatinos have no excuse or cause for having failed to make timely objection, as well as delay in bringing this matter to the attention of the trial court by means of a § 2255 motion. The element of "cause" is missing.

The motion, affidavit and briefs point to no "actual prejudice", even if the Abatino affidavit is accepted as true. The Abatino instruction is not coercive *per se*, so the Abatino-Kyle conversation is offered to show actual prejudice. Mr. Kyle's reply to Abatino's question as to whether any of the jurors were favorable to him was evasive and non-responsive. It did not indicate

---

**3.** 28 U.S.C. § 753(b) provides in part: "The transcript in any case certified by the reporter shall be deemed prima facie a correct statement of the testimony taken and the proceedings had."

that any juror went for the guilty verdict grudingly for the reason that there was not sufficient time for deliberation. The inherent inconsistency of the affidavit has already been discussed.

 Furthermore, Mr. Kyle's statements regarding the deliberations are not competent to establish the element of prejudice. Federal Rule of Evidence 606(b) provides that a juror may not testify:

"... as to any matter or statement occurring during the course of the jury's deliberations as to the effect of anything upon his or any other juror's mind or emotions as influencing him to assent to or to dissent from the verdict or indictment or concerning his mental processes in connection therewith, except that a juror may testify on the question whether extraneous prejudicial information was improperly brought to the jury's attention or whether any outside influence was improperly brought to bear upon any juror."

In *United States v. Pimentel*, 654 F.2d 538 (9th Cir., 1981), the court stated:

"Juror testimony is admissible only concerning facts bearing on extraneous influences on the deliberation, in the sense of overt acts of jury tampering." *Mattox v. United States*, 146 U.S. 140, 148–149, 13 S.Ct. 50, 52–53, 36 L.Ed. 917 (1892)."

In the context of allegations of juror misconduct, the Ninth Circuit once again stated this rule in *United States v. Bagnariol*, 665 F.2d 877 (9th Cir., 1981), *cert. denied* 456 U.S. 962, 102 S.Ct. 2040, 72 L.Ed.2d 487 (1982):

"... [J]urors may not be questioned about the deliberative process or subjective effects of extraneous information, nor can such information be considered by the trial or appellate courts." 665 F.2d at 884–85.

After an exhaustive review of cases which have considered the question of what juror misconduct requires reversal, the *Bagnariol* court described a general standard regarding extraneous information:

"Reviewing courts will not disturb jury verdicts on appeal when extraneous information relates only to issues not material to the guilt or innocence of the defendant. And intrinsic jury processes will not be examined on appeal and cannot support reversal." 665 F.2d at 887.

It is an indisputable fact that the jury returned its verdict of its own accord and the verdict was ordered filed. This is complete regularity, the finality of which should be respected. As stated in *Posey v. United States*, 416 F.2d 545 (5th Cir., 1969), *cert. denied* 397 U.S. 946, 90 S.Ct. 964, 25 L.Ed.2d 127 (1970):

"The right to have the jury polled is established by Rule 31(d), Federal Rules of Criminal Procedure. The object of a jury poll is 'to give each juror an opportunity, before the verdict is recorded, to declare, in open court, his assent to the verdict which the foreman has returned and thus to enable the court and parties to ascertain with certainty that a unanimous verdict has in fact been reached and that no juror has been coerced or induced to agree to a verdict to which he has not fully assented.'" *Humphries v. District of Columbia*, 174 U.S. 190, 19 S.Ct. 637, 43 L.Ed. 944 (1899).

The motion made by the Abatinos pursuant to 28 U.S.C. § 2255 upon its face shows no grounds for relief. Summary dismissal of the motion by the trial judge was appropriate. Dismissal of the motion by the District Court is AFFIRMED.