UNITED STATES of America, Plaintiff–Appellee,

v.

Emilio HERNANDEZ–VALENZUELA, Defendant–Appellant.

No. 90–50435.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 2, 1991.

Decided May 7, 1991.

Bernard G. Skomal, San Diego, Cal., for defendant-appellant.

Paul S. Cook, Asst. U.S. Atty., San Diego, Cal., for plaintiff-appellee.

Before NORRIS, HALL and TROTT, Circuit Judges.

PER CURIAM:

Appellant appeals his conviction for smuggling marijuana over the Mexican border in violation of 21 U.S.C. §§ 952, 960, and 841(a)(1), and he appeals the calculation of his sentence under the guidelines. He argues that the trial court erred in denying him a continuance when he substituted new counsel before trial, in denying his motion to exclude the in-court identification by a customs inspector, and in enhancing his offense level for obstruction of justice.

I

■ Appellant sought to substitute new counsel on the first day of trial because he claimed he had developed an irreconcilable conflict with his appointed counsel the day before trial. The district court examined appellant and his appointed counsel and found no irreconcilable conflict. Nonetheless, after appellant's new attorney rep-resented that he could be ready for trial in two days, the court allowed the substitution of counsel and continued the trial for two days. No motion for a further continuance was made. Appellant cannot now claim that the district court abused its discretion in failing to grant a continuance that was never requested.

II

Appellant's second contention is that the district court should have granted his motion to exclude the in-court identification of appellant by a customs inspector. The inspector stopped a driver at the border who presented appellant's INS identification card. When the inspector searched the car, he found 57.9 kilograms of marijuana. The driver then fled back into Mexico, leaving the picture ID behind. Appellant was later arrested at his home in the United States.

Appellant's defense at trial was that he was not the driver of the car with the marijuana even though the driver had appellant's identification card. Appellant alleged that someone had stolen his identification card and then used it to cross the border with the drugs. Appellant objects to the inspector's in-court identification of appellant because he argues that it was improperly prejudiced by pre-trial identification procedures. Appellant complains that because the inspector looked at the identification card in preparation for trial and accidentally saw appellant before trial, he no longer had an independent recollection of the man he saw in the car.

■ The inspector's accidental pre-trial view of appellant and his review of the immigration card in preparation for trial did not necessarily render the in-court identification unreliable. The inspector's in-court identification was based on his opportunity to identify the driver of the car at the scene. The reliability of his in-court identification, based on the encounter at the border, was fully explored on direct, on cross, and in closing argument. The inspector testified that he had carefully checked the driver's appearance against the identification card at the scene and had been with the driver in a well-lit area for

about three minutes. While at the border, the inspector recalled that he was satisfied that the driver was the same person pictured on the identification card. Reporter's Transcript II at 50–53, 77–78. Thus, the inspector's in-court identification was sufficiently reliable to justify its admission. *See United States v. Barrett*, 703 F.2d 1076, 1085 (9th Cir.1983).

### III

Finally, appellant contends that the district court erred in enhancing his sentence for obstruction of justice. The court gave two reasons for the enhancement: First, appellant had lied to the probation officer about his criminal history. Second, appellant had fled into Mexico when he was apprehended.

■ The "instinctive flight of a suspect who suddenly finds himself in the power of the police" is not willful obstruction of justice under U.S.S.G. § 3C1.1. *United States v. Garcia*, 909 F.2d 389, 392 (9th Cir.1990). Appellant argues that because one of the district court's grounds was improper, the case must be remanded for resentencing under *United States v. Nuno–Para*, 877 F.2d 1409 (9th Cir.1989).

■ *Nuno–Para* is not apposite. The district court here gave two separate and sufficient grounds for the two-point obstruction enhancement. The district court made clear that the grounds were alternative, not cumulative. Sentencing Transcript at 12. By contrast, the district court in *Nuno–Para* had not clearly given alternative grounds for the extent of the departure. Instead, in *Nuno–Para* the presumption was that the extent of the departure was based on the cumulative effect of the district court's reasons. As the obstruction of justice enhancement here was proper on at least one ground, remand is not required.

AFFIRMED.