967 F.2d 588
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William V. LYLE, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 91-16499.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 24, 1992.*
Decided June 30, 1992.
 
 Before FLETCHER, LEAVY and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 William V. Lyle, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion. Lyle contends that he was denied effective assistance of counsel at trial. We review de novo, United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990), and we affirm.
 
 Ineffective Assistance of Counsel
 
 3
 To demonstrate ineffective assistance of counsel, a defendant must show that his or her attorney's performance was deficient and that the deficient performance prejudiced his or her defense.
 
 
 4
 To demonstrate ineffective assistance of counsel, a defendant must show that his or her attorney's performance was deficient and that the deficient performance prejudiced his or her defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). Deficient performance is demonstrated when "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance...." Id. at 689. Prejudice is established if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A tactical decision by counsel with which the defendant disagrees cannot form the basis of a claim of ineffective assistance of counsel. Guam v. Santos, 741 F.2d 1167, 1169 (9th Cir.1984).
 
 A. Intoxication
 
 5
 Lyle contends that he was denied effective assistance of counsel because his counsel was intoxicated during the evenings of his trial. This contention lacks merit.
 
 
 6
 Lyle submitted to the district court affidavits stating that his counsel was intoxicated on the night of two of the trial dates. Nevertheless, Lyle presented no evidence that his counsel was intoxicated at trial or that his counsel's performance at trial was below that of a competent attorney. Moreover, the trial transcript reveals no signs of confusion, incoherence, or any other indications of intoxication. Accordingly, Lyle was not denied effective assistance of counsel. See Strickland, 466 U.S. at 687, 689.
 
 B. Inadequate Trial Preparation
 
 7
 Lyle contends that he was denied effective assistance of counsel because his counsel did not adequately prepare for trial and failed to offer in evidence the flares. These contentions lack merit.
 
 
 8
 The record shows that several witnesses gave testimony regarding the flares, and Lyle's counsel had an opportunity to cross-examine them. Lyle has not shown how his counsel's failure to introduce the flares themselves into evidence adversely affected the outcome of the trial. Lyle's disagreement with his attorney's tactical decision not to attempt to introduce the flares into evidence does not constitute ineffective assistance of counsel. See id. at 687, 689, 694; Santos, 741 F.2d at 1169.
 
 C. Failure to Object
 
 9
 Lyle contends that he was denied effective assistance of counsel because his counsel failed to object to testimony that was prejudicial to his defense. This contention lacks merit.
 
 
 10
 Lyle's argument rests on the erroneous premise that because certain testimony by the government's witnesses was incriminating, his attorney should have objected to it. The record indicates that although he did not object, Lyle's counsel effectively cross-examined the witnesses for the government. Accordingly, counsel's performance was not deficient, and Lyle was not denied effective assistance. See Strickland, 466 U.S. at 687, 689, 694.
 
 D. Failure to File Motion to Suppress
 
 11
 Lyle contends that he was denied effective assistance of counsel because his counsel failed to file a motion to suppress evidence obtained by the police. This contention lacks merit.
 
 
 12
 To show ineffective assistance of counsel with respect to a fourth amendment claim, petitioners must show both that there is a meritorious fourth amendment claim and that "they have been denied a fair trial by the gross incompetence of their attorneys...." Kimmelman v. Morrison, 477 U.S. 365, 382 (1986).
 
 
 13
 Here, pursuant to two search warrants, police officers searched Lyle's trailer home and truck and seized weapons and explosives. The record shows that there was probable cause for the police to obtain search warrants for the trailer home and the truck. Lyle failed to show either that the searches and seizures were conducted in violation of the fourth amendment, or that his counsel's conduct was grossly inadequate. Accordingly, Lyle was not denied effective assistance of counsel. See id.
 
 Evidentiary Hearing
 
 14
 Lyle contends that the district court erred in not holding an evidentiary hearing before denying his section 2255 motion. This contention lacks merit.
 
 
 15
 We review the district court's decision not to hold an evidentiary hearing for abuse of discretion. See Doganiere v. United States, 914 F.2d 165, 168 (9th Cir.1990) (citation omitted), cert. denied, 111 S.Ct. 1398 (1991). The district court may deny a section 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." United States v. Moore, 921 F.2d 207, 211 (9th Cir.1990) (quotations omitted). In evaluating the merits of a section 2255 motion, the court may rely upon its own recollection of past proceedings. See Abatino v. United States, 750 F.2d 1442, 1444 (9th Cir.1985).
 
 
 16
 Here, the motions, files, and records show conclusively that Lyle was not entitled to relief. The district court was able to evaluate Lyle's claims on the basis of the record and its own recollections of the trial. Therefore, the district court did not abuse its discretion in denying Lyle's request for an evidentiary hearing. See Moore, 921 F.2d at 211; Abatino, 750 F.2d at 1444.
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Lyle's motion for an expedited hearing on the appeal of his section 2255 motion is denied as moot