977 F.2d 592
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Adrian Lee CHOW, Defendant-Appellant.
 No. 91-10233.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 1, 1992.*
Decided Oct. 7, 1992.
 
 1
 Before REINHARDT and KOZINSKI, Circuit Judges, and EZRA, District Judge***.
 
 
 2
 MEMORANDUM**
 
 
 3
 Adrian Chow appeals his sentence under the Sentencing Guidelines for impersonating an officer of the United States, in violation of 18 U.S.C. § 912. We affirm.
 
 BACKGROUND
 
 4
 On October 17, 1990, Chow was indicted on three counts of obtaining money from individuals while impersonating a United States Army officer, in violation of 18 U.S.C. § 912. On three separate occasions, Chow represented himself as a Lieutenant Colonel on staff of the Judge Advocate General to: (1) Mary Sharak, who lent him $7,000 (Count I); (2) Howard Long, who paid Chow approximately $4,200 for legal services that were never rendered (Count II); and (3) Helga Johnson, who paid Chow over $9,000 for legal services that were never rendered (Count III).
 
 
 5
 Chow entered a guilty plea to Count III of the indictment. Pursuant to the plea agreement, Counts I and II were dropped; however, Chow agreed to remain responsible for restitution to all three individuals. The agreement further provided that Chow's sentence would be based on the total amount of money fraudulently obtained from all three individuals.
 
 
 6
 The presentence report recommended that Chow be given two additional offense level points under U.S.S.G. § 2F1.1(b)(2)(B) for a scheme to defraud more than one victim. At his sentencing hearing, Chow objected to this recommendation. The district court found that an upward adjustment of two points was warranted under section 2F1.1(b)(2)(B) on either of two alternative grounds--more than one victim or more than minimal planning. In addition, the court adjusted Chow's offense level upward by four points for a loss of more than $20,000 but less than $40,000, pursuant to U.S.S.G. § 2F1.1(b)(1)(E). The district court sentenced Chow to 36 months imprisonment, the statutory maximum. However, the court ordered restitution only to Helga Johnson, rather than to all three victims. This timely appeal followed.
 
 DISCUSSION
 
 7
 As an initial matter, we reject the government's contention that Chow waived his right to appeal his sentence when he signed the plea agreement. The agreement stated only that Chow understood that he was giving up the right to appeal from an adverse judgment. In contrast, both of the cases relied upon by the government involved plea agreements that specified or limited the sentence that could be imposed. United States v. Bolinger, 940 F.2d 478, 479-80 (9th Cir.1991); United States v. Navarro-Botello, 912 F.2d 318, 320-21 (9th Cir.1990), cert. denied, 112 S.Ct. 1488 (1992); see Fed.R.Crim.P. 11(e)(1)(C) (defendant's acceptance of a plea agreement that specifies the sentence to be imposed constitutes waiver of his right to appeal his sentence).
 
 
 8
 Chow argues that the two-point upward adjustment imposed by the district court was improper because neither of the alternative grounds for the adjustment was valid.[1] Because we conclude that the first ground stated by the district court--more than one victim--was a proper basis for an upward adjustment of Chow's sentence, we need not consider whether an upward adjustment also would be permissible for more than minimal planning. United States v. Hernandez-Valenzuela, 932 F.2d 803, 805 (9th Cir.1991).
 
 
 9
 Chow contends that an upward adjustment for multiple victims was improper because he pled guilty only to one count of impersonation involving one victim, and a court cannot consider dismissed charges in calculating a defendant's sentence. Our recent decision in United States v. Fine, No. 90-50280, slip op. 11067 (9th Cir. Sept. 14, 1992), defeats Chow's argument. When sentencing a defendant for a drug or money offense, the district court may consider all acts that were part of a common scheme or course of conduct. Id. at 11074-75. Nor does the sentence imposed on Chow violate any terms of Chow's plea agreement. The agreement, which made provision for restitution to all three victims and for sentencing based on the total amount of money fraudulently obtained, clearly contemplated sentencing based on more than one victim.[2]
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 ***
 Honorable David A. Ezra, United States District Judge, District of Hawaii, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Chow also contends that the four-point upward adjustment for a loss of more than $20,000 but less than $40,000 was error. Because the plea agreement expressly provided that the sentence would be based on the total amount obtained from all three individuals, this argument lacks merit
 
 
 [2]
 Chow argues that the district court "seemingly rejected" the plea agreement when it ordered restitution only to Helga Johnson and not to the other two victims. The restitution order was within the terms of the plea agreement and was a permissible exercise of the district court's discretion