985 F.2d 572
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Emilio HERNANDEZ-VALENZUELA, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-55779.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 27, 1993.*
Decided Jan. 29, 1993.
 
 Before REINHARDT, CYNTHIA HOLCOMB HALL and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Emilio Hernandez-Valenzuela appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion and his subsequent motion for reconsideration. Appellant was convicted of smuggling marijuana over the Mexican border in violation of 21 U.S.C. §§ 841(a)(1), 952, and 960. Appellant contends that (1) the district court interfered with his sixth amendment right to counsel by failing to grant more than a two-day continuance to enable his newly-substituted attorney to prepare for trial; and (2) he was denied a fair trial because a customs inspector asked him who he was just before the trial, thus rendering the inspector's in-court identification unreliable. We review the denial of a section 2255 motion de novo, Doganiere v. United States, 914 F.2d 165, 167 (9th Cir.1990), cert. denied, 111 S.Ct. 1398 (1991). We affirm.
 
 
 3
 On direct appeal, this court held that the district court did not abuse its discretion by granting only a two-day continuance to allow the appellant's newly-substituted attorney to prepare for trial because a further extension was not requested. See United States v. Hernandez-Valenzuela, 932 F.2d 803, 804 (9th Cir.1991) (per curiam). To the extent that appellant continues to assert that the district court's failure to grant more than a two-day continuance was an abuse of discretion, this court's prior ruling is the law of the case and we decline to reconsider the issue. See United States v. Mills, 810 F.2d 907, 909 (9th Cir.), cert. denied, 484 U.S. 832 (1987).
 
 
 4
 Appellant also argues that the district court interfered with his sixth amendment right to counsel by failing to grant a further continuance. This contention also lacks merit.
 
 
 5
 Here, appellant makes no specific showing of prejudice or deficient performance by counsel. Under these circumstances, the district court's failure to grant a lengthy continuance did not violate the sixth amendment. See Strickland v. Washington, 466 U.S. 688, 687 (9th Cir.1984); cf. United States v. Pederson, 784 F.2d 1462, 1464 (9th Cir.1986) (refusal to grant continuance of more than two days to allow replacement attorney to prepare case did not violate the sixth amendment where case did not involve complex issues and appellant cited no specific showing of prejudice or ineffective assistance of counsel in the record).[1]
 
 
 6
 Finally, appellant contends that he was denied a fair trial because the customs inspector "withheld exculpatory information" at trial. Specifically, appellant states that on the morning of trial, the inspector went to the holding cell and asked appellant if he was Hernandez-Valenzuela. Appellant claims he responded by nodding in the affirmative. Appellant appears to argue that the in-trial identification was therefore unreliable. Appellant did not raise this argument or allege these facts prior to filing his section 2255 motion. Instead, appellant previously challenged the in-court identification on other grounds.[2]
 
 
 7
 A petitioner who fails to raise a claim at trial or on direct appeal is barred from raising it in a section 2255 motion unless he can show cause and prejudice for the procedural default. United States v. Frady, 456 U.S. 152, 167-68 (1982).
 
 
 8
 As cause for his procedural default, appellant argues that he did not raise this claim because he did not realize its potential importance. However, we agree with the district court that appellant must have recognized the prejudicial nature of the alleged encounter: he raised other similar objections to the in-court identification and his principal defense was mistaken identity. Cf. Abatino v. United States, 750 F.2d 1442, 1445 (9th Cir.1985) (petitioner "must have recognized" the prejudicial nature of challenged jury instruction, and therefore, did not show cause for failing to bring a timely objection). Because appellant has not shown cause for his procedural default, he is now barred from raising his claim. See Frady, 456 U.S. at 168; cf. Abatino, 750 F.2d at 1445.[3]
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, appellant's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Moreover, appellant cannot prevail on a claim of ineffective assistance of counsel because he has shown neither prejudice nor deficient performance by his counsel. See Strickland v. Washington, 466 U.S. at 687
 
 
 [2]
 The inspector stopped a driver at the border who presented the appellant's INS identification card. Appellant alleged that someone had stolen his card, and his defense at trial was that he was not the driver of the car
 Appellant complained that because the inspector looked at the identification card in preparation for trial and accidentally saw appellant on another occasion before trial, the inspector did not have an independent recollection of the driver of the car.
 This court held on direct appeal that the inspector's in-court identification was sufficiently reliable because it was based on the inspector's opportunity to identify the driver at the scene. United States v. Hernandez-Valenzuela, 932 F.2d 803, 804-05 (9th Cir.1991) (per curiam). The inspector testified that he had carefully checked the driver's appearance against the identification card at the scene, and had been with the driver in a well lit area for about three minutes. See id.
 
 
 [3]
 On appeal, appellant did not pursue some of the arguments he raised below. These arguments are therefore deemed waived. See Wilcox v. Commissioner, 848 F.2d 1007, 1008 n. 2 ("[a]rguments not addressed in brief are deemed abandoned.")