995 F.2d 231
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jorge FERNANDEZ-FARIAS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-36785.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 2, 1993.
Decided May 28, 1993.
 
 Before: CHOY, GOODWIN and SKOPIL, Circuit Judges:
 
 
 1
 MEMORANDUM*
 
 
 2
 Jorge Fernandez-Farias appeals pro se from a summary dismissal of his motion for habeas relief filed pursuant to 28 U.S.C. § 2255 (1988). In his motion, Fernandez-Farias contends that (1) he was the victim of government entrapment; (2) the district court erroneously calculated the amount of the controlled substance in determining the guideline range; and (3) he should not have had an upward adjustment for his role in the offense. On appeal he also contends that (1) the prosecutor withheld exculpatory evidence and knowingly introduced false evidence; and (2) the indictment failed to state an offense. These latter two issues were not raised below and will not be considered for the first time on appeal. See United States v. Johnson, 988 F.2d 941, 945 (9th Cir.1993); United States v. Keller, 902 F.2d 1391, 1395 (9th Cir.1990).
 
 
 3
 We are also unable to consider the remaining issues because Fernandez-Farias failed to first raise them by direct appeal. When a criminal defendant could have raised claims of error on direct appeal but failed to do so, the defendant must demonstrate cause excusing the procedural default and actual prejudice resulting from the claims of error. Johnson, 988 F.2d at 945 (citing United States v. Frady, 456 U.S. 152, 168 (1982)); United States v. Dunham, 767 F.2d 1395, 1397 (9th Cir.1985). Fernandez-Farias did not file a direct appeal and has made no attempt to show cause and prejudice for his procedural default.
 
 
 4
 The district court may summarily deny a section 2255 motion if it plainly appears that the movant is not entitled to relief. See Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts; Abatino v. United States, 750 F.2d 1442, 1443-44 (9th Cir.1985). We conclude that the district court did not err by summarily dismissing Fernandez-Farias' section 2255 motion.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3