996 F.2d 1225
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Evelyn JOSE, aka Jose, Evelyn Denise, Petitioner-Appellant,
v.
UNITED STATES PAROLE COMMISSION, Respondent-Appellee.
 No. 92-10471.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 9, 1993.
Decided July 2, 1993.
 
 Before: NORRIS, HALL and FERNANDEZ, Circuit Judges
 MEMORANDUM*
 Evelyn Jose appeals the determination of the United States Parole Commission ("Commission") which established her release date, pursuant to 18 U.S.C. § 4106A(b)(1)(A). Jose claims that the Commission erred by denying certain offense level adjustments, by enhancing her offense level for obstruction of justice, and by failing to account for good time credit earned while she was incarcerated in England and which may be earned while she is incarcerated in the United States. We dismiss the appeal as to the issue of good time credit for lack of jurisdiction, but affirm the determination as to the other claims.
 BACKGROUND FACTS
 On July 19, 1989, Jose was arrested by British customs officials as she deplaned in London from a New York flight. She was carrying 1.475 kilograms of cocaine in a package secured to her waist and another package in her shoulderbag. She agreed to cooperate with the officials. However, no one came forward to meet her at the airport and the Los Angeles phone number she had been instructed to call was disconnected. Jose was convicted by an English court of importation of a controlled drug and sentenced to 11 years imprisonment.
 Jose consented to be transferred to the United States to serve the remainder of her sentence. The Commission determined that Jose's offense was most similar to 21 U.S.C. § 841(a)(1) (possession with intent to distribute cocaine), and assigned an offense level of 28 and criminal history category I, which yielded a range of 78 to 97 months. The Commission ordered that Jose serve 84 months imprisonment and 48 months supervised release, which resulted in a release date of July 19, 1996 (84 months from the date of her arrest).
 DISCUSSION
 1. Minimal or Minor Role Adjustment.
 Jose claims that the Commission erred in refusing to reduce her offense level to reflect her minimal or minor role in the offense, pursuant to U.S.S.G. § 3B1.2.[1]
 Despite counsel's assertion that documentation of a larger conspiracy existed, Jose did not produce any evidence to the Commission to corroborate her story. A defendant's self-serving statement that she was merely a courier is insufficient to support a minimal or minor role adjustment. See United States v. Lui, 941 F.2d 844, 849 (9th Cir.1991); United States v. Rigby, 896 F.2d 392, 394 (9th Cir.1990). Just because a defendant acted as a courier does not necessarily mean that her role was minimal or minor. See Lui, 941 F.2d at 849; United States v. Zweber, 913 F.2d 705, 710 (9th Cir.1990). The Commission did not clearly err in determining that Jose failed to prove by a preponderance of the evidence that she played a minimal or minor role in the offense. See United States v. Howard, 894 F.2d 1085, 1089-90 & n. 4 (9th Cir.1990).
 2. Obstruction of Justice.
 The Commission raised Jose's offense level for obstruction of justice, pursuant to U.S.S.G. § 3C1.1, based on the fact that Jose concealed her true identity until sentencing, and the English judge stated that Jose was "a totally untruthful witness," that her story was unbelievable, and that he doubted her identity and her claim that she had four children. Jose argues that she should not be penalized for giving a false name because it did not "actually result[ ] in a significant hindrance to the investigation or prosecution" of the case. See U.S.S.G. § 3C1.1, comment. (n. 4(a)).
 Although Jose characterizes the falsehood as minor, her course of conduct in concealing her identity throughout the criminal proceedings amounted to more than simply giving a false name at arrest or providing incomplete or misleading information. Her identity was learned only after sentencing was continued to conduct a background check. Comments by the English judge suggest that she may also have testified falsely at trial. Under these circumstances, the Commission did not err in determining that an enhancement for obstruction of justice was warranted. See United States v. Rodriguez-Razo, 962 F.2d 1418, 1420-21 (9th Cir.1992); United States v. Hernandez-Valenzuela, 932 F.2d 803, 805 (9th Cir.1991); United States v. Torres-Rodriguez, 930 F.2d 1375, 1389-90 (9th Cir.1991).
 3. Acceptance of Responsibility.
 The Commission also denied an adjustment for acceptance of responsibility because Jose had concealed her identity. "Conduct resulting in an enhancement under § 3C1.1 (Obstructing or Impeding the Administration of Justice) ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct." U.S.S.G. § 3E1.1, comment. (n. 4); see United States v. Rafferty, 911 F.2d 227, 230-31 (9th Cir.1990). Jose points out that she admitted she was carrying something illegal, although she said she did not know whether it was drugs or documents, and she immediately agreed to cooperate with authorities by attempting to follow the instructions given her. But this does not appear to be one of those "extraordinary cases" in which both the obstruction of justice and acceptance of responsibility adjustments apply. See U.S.S.G. § 3E1.1, comment. (n. 4).
 
 
 1
 This court must give "great deference" to the Commission's determination. Id. § 3E1.1, comment. (n. 5). Jose bore the burden of persuading the Commission that she accepted responsibility. Howard, 894 F.2d at 1090 n. 4. Given these parameters, we cannot say that the Commission clearly erred in denying an adjustment for acceptance of responsibility.
 
 
 2
 4. Accounting for Credit.
 
 
 3
 Jose contends that she is entitled to have good time credit earned in England, and credit potentially earnable in the United States, deducted from the release date established by the Commission. Because the Commission's release date determination under 18 U.S.C. § 4106A(b) does not require an accounting for foreign credit, we have no jurisdiction to review this claim. Ajala v. United States Parole Comm'n, No. 92-10430, slip op. ____, ____ (9th Cir. __________, 1993).
 
 
 4
 DISMISSED in part for lack of jurisdiction and otherwise AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 All references to the Sentencing Guidelines are to the November 1991 version which was applied by the Commission