12 F.3d 1110
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ruben VIDAURRETA, a/k/a Ruben Turner, Defendant-Appellant.
 No. 92-50738.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 17, 1993.*
Decided Nov. 30, 1993.
 
 Before: SCHROEDER, D.W. NELSON and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ruben Vidaurreta appeals his 24-month sentence imposed after a guilty plea to bank fraud in violation of 18 U.S.C. Sec. 1344(a). Vidaurreta contends the district court erred by (1) enhancing his offense level under U.S.S.G. Sec. 2F1.1(b)(2) for a scheme to defraud more than one victim, and (2) denying him a downward adjustment for his role as a minor or minimal participant in the offense under U.S.S.G. Sec. 3B1.2. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 Vidaurreta contends the district court erred when it enhanced his offense level under section 2F1.1(b)(2) after finding that the bank fraud scheme defrauded more than one victim. Vidaurreta argues the only victim of the bank fraud was the Federal Depositor's Insurer's Corporation (FDIC). This argument lacks merit.
 
 
 4
 We review de novo the district court's legal interpretation of the Guidelines and for clear error the district court's factual findings during sentencing. United States v. Nazifpour, 944 F.2d 472, 473, 474 (9th Cir.1991).
 
 
 5
 When a fraud offense "involved (A) more than minimal planning or (B) a scheme to defraud more than one victim," the offense level shall be increased by two levels. U.S.S.G. Sec. 2F1.1(b)(2). Application Note 3 to section 2F1.1 provides that "[i]n this context, 'victim' refers to the person or entity from which the funds are to come directly." U.S.S.G. Sec. 2F1.1, comment. (n. 3); accord Nazifpour, 944 F.2d at 474 (scheme to defraud bankruptcy estate warranted upward adjustment because estate creditors, not just bankruptcy trustee, victims of fraud); see also United States v. Galliano, 977 F.2d 1350, 1352 (9th Cir.1992) (scheme to defraud two banks and two bankcard companies warranted upward adjustment), cert. denied, 113 S.Ct. 1399 (1993).
 
 
 6
 Here, the district court rejected Vidaurreta's argument that the sole victim of the fraud was either the FDIC or the United States Treasury. Vidaurreta fraudulently withdrew a total sum of $11,500 from three separate banks in Kansas City, Kansas using a counterfeit credit card in the name of Joseph Turner. Because the fraudulently obtained funds came directly from each bank, we hold that each bank was properly considered a "victim" of the offense and the district court did not clearly err when it enhanced the offense level under section 2F1.1(b)(2). See Galliano, 977 F.2d at 1352; Nazifpour, 944 F.2d at 474.[1]
 
 
 7
 Vidaurreta next contends the district court erroneously denied him an offense level reduction for being a minimal or minor participant in the fraud. We disagree.
 
 
 8
 We review the district court's finding that Vidaurreta was neither a minimal nor a minor participant in the offense for clear error. United States v. Hoac, 990 F.2d 1099, 1105 (9th Cir.1993).
 
 
 9
 The Guidelines provide for a four-level reduction for any defendant who was a minimal participant in the criminal activity, a two-level reduction for any defendant who was a minor participant in the criminal activity, and a three-level reduction for any defendant who falls somewhere between the two. U.S.S.G. Sec. 3B1.2. A defendant "is not entitled to minor participant status merely because he may be less culpable than his co-defendants." Hoac, 990 F.2d at 1106; accord United States v. Molina, 934 F.2d 1440, 1452 (9th Cir.1991). Moreover, section 3B1.2 provides for a downward adjustment only for the defendant's role in the offense of conviction and not for his role in collateral conduct. United States v. Zweber, 913 F.2d 705, 708-09 (9th Cir.1990) (defendants convicted solely of narcotics possession not entitled to reduction for role in uncharged narcotics conspiracy); but see United States v. Lillard, 929 F.2d 500, 503 (9th Cir.1991) (collateral conduct may justify adjustment for leadership role in offense).
 
 
 10
 Vidaurreta argues he was entitled to a downward adjustment for his role in the bank fraud scheme because he was less culpable than Johnny Surles, his accomplice. Vidaurreta and Surles flew first-class from Los Angeles, California to Kansas City, Kansas to execute the bank fraud scheme. Their first-class airline tickets were purchased using a counterfeit credit card and both Vidaurreta and Surles traveled under assumed names. In Kansas City, Vidaurreta and Surles, again using false names, charged the expense of a rental car and a hotel room to the counterfeit credit card account. In addition, Vidaurreta used a counterfeit credit card to obtain cash advances from three separate banks. Based upon Vidaurreta's active and sundry participation in the various aspects of the bank fraud scheme, we hold the district court was not obligated to reduce the offense level merely because Vidaurreta might have been less culpable than Surles. See Molina, 934 F.2d 1452.
 
 
 11
 Relying on the presentence report which indicates Vidaurreta's criminal acts may have been but a small part of a nationwide counterfeit credit card fraud scheme involving perhaps as many as 150 participants and causing bank losses of between $3,000,000 and $5,000,000, Vidaurreta also asserts he should have received a downward adjustment for his minor role because he defrauded three banks of a mere $11,500. Vidaurreta's role, however, in the alleged counterfeit credit card conspiracy constituted collateral conduct which may not serve as a basis for a downward adjustment for his role in the offense. Accordingly, the district court did not err when it denied Vidaurreta a downward adjustment for his role in the offense on the bases of his alleged participation in a larger conspiracy. See Zweber, 913 F.2d at 708.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because we conclude that the fraud involved more than one victim, we need not consider Vidaurreta's argument that the district court erred when it found alternatively that an upward adjustment was warranted under section 2F1.1(b)(2) because the fraud entailed more than minimal planning. See United States v. Hernandez-Valenzuela, 932 F.2d 803 (9th Cir.1991)