**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Donald HARRIS, Defendant–Appellant.**

No. 00–30107.

D.C. No. CR–99–00090–JDS.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 6, 2000.

Decided Jan. 5, 2001.

Before B. FLETCHER, FISHER, Circuit Judges, and SCHWARZER,* Senior District Judge.

### MEMORANDUM **

Donald Harris appeals his conviction for harboring a fugitive, in violation of 18 U.S.C. § 1071. Because his contentions on appeal lack merit, we affirm.

■ Harris first argues that the testimony of the government's primary witness, Harold Sollesvik, a known drug dealer facing a possible life sentence, was insufficient to sustain the verdict. Given that there was substantial circumstantial evidence to corroborate Sollesvik's testimony that Harris knowingly provided the fugitive with food, shelter and transportation, any rational trier of fact could have found Harris guilty beyond a reasonable doubt of the crime charged. *See Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *United States v. Jones,* 84 F.3d 1206, 1210 (9th Cir.1996).

■ Harris next argues that he was denied due process because the prosecutor, on three separate occasions, improperly vouched for Sollesvik. Because Harris failed to object at trial, we review for plain error. *See United States v. Necoechea,* 986 F.2d 1273, 1276 (9th Cir.1993). The prosecutor stated during closing argument that Sollesvik lived up to his plea bargain by making full disclosure of criminal activities he knew about and that he told the jury exactly what happened. In rebuttal argument, the prosecutor told the jury that the government relies on informants like Sollesvik to catch fugitives. In neither of these instances did the prosecutor personally assure the jury of Sollesvik's honesty, imply that he had extra-record knowledge of Sollesvik's truthfulness, or suggest that the court was monitoring Sollesvik's veracity. *Id.* at 1276, 1278. Similarly, the third statement of which Harris complains–"I submit to you that the version of events that Mr. Sollesvik told you is exactly what happened"–is not vouching. *Id.* at 1279.

■ Finally Harris complains about the two-level enhancement for obstruction of justice pursuant to U.S. SENTENCING GUIDELINES MANUAL § 3C1.1 (1988). The court's reliance on Harris's false statements to law enforcement officers does not result in double counting because such false statements are not an element of the § 1071 offense. *See United States v. Yarbrough,* 852 F.2d 1522, 1543 (9th Cir.1988), quoting *United States v. Kutas,* 542 F.2d 527, 528

---

* The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

(9th Cir.1976) (violation of § 1071 proved by evidence of "any physical act of providing assistance, including food, shelter, and other assistance to aid the prisoner in avoiding detection and apprehension"); *see also* cmt. 4(g) to § 3C1.1 (listing "providing a materially false statement to a law enforcement officer that significantly obstructed or impeded the official investigation" as an example of conduct to which the enhancement applies). Accordingly, Harris's January 14 statement to law enforcement officials that he did not know where the fugitive could be found, when the fugitive was in fact on Harris's property, is proper grounds for the enhancement. It is unnecessary to address other grounds for the enhancement. *See United States v. Hernandez–Valenzuela,* 932 F.2d 803, 805 (9th Cir.1991) (holding that where the district court gives multiple grounds for a sentence enhancement, so long as one ground is proper, the sentence may still be affirmed).

AFFIRMED.