UNITED STATES of America,
Plaintiff—Appellee,

v.

Edith Anne BUTTERS, aka Edie
Butters, Defendant—
Appellant.

No. 01–30276.
D.C. No. CR–00–00134–JMF.

United States Court of Appeals,
Ninth Circuit.

Submitted March 8, 2002.*

Decided Aug. 8, 2002.

Before CHOY, FERGUSON and
BOOCHEVER, Circuit Judges.

## MEMORANDUM**

Edith Anne Butters appeals her sentence for three counts of making false statements under oath in a bankruptcy proceeding, in violation of 18 U.S.C. § 152(2). On appeal, Butters argues that the district court committed clear error by: 1) applying a two-level upward adjustment on the ground that she had an aggravated role in the offense where the persons who helped her remove the collateral were not criminally responsible; and 2) applying a two-level obstruction of justice upward ad-

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

justment where the misstatements that she made to the probation officer were not material. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review the district court's factual findings in a sentencing proceeding for clear error. *See, e.g., United States v. Frega,* 179 F.3d 793, 811 & n. 22 (9th Cir.1999) (organizer or leader); *United States v. Cooper,* 173 F.3d 1192, 1204 (9th Cir.1999) (obstruction of justice). We will not disturb the finding of fact unless we have a definite and firm conviction that the district court made a mistake. *See United States v. Doe,* 155 F.3d 1070, 1074 (9th Cir.1998) (en banc).

*Aggravated Role Adjustment*

■ The district court increased Butters's offense level by two pursuant to U.S.S.G. § 3B1.1(c), which requires an adjustment where the defendant was "an organizer, leader, manager, or supervisor in any criminal activity" involving at least one other participant. *See also* § 3B1.1(c), commentary at n. 2. Butters argues that this section does not apply because, when Robert Ziemke and Joseph Smida helped her remove the collateral property, they were unaware that it was collateral and were, therefore, not criminally responsible. *See id.* at n. 1 (stating that a "participant" must be criminally responsible for the offense, although he or she need not have been convicted). Although Ziemke may have initially been unaware of the true nature of their actions, he testified that he later learned that the property was collateral and that the State was looking for the items. Thereafter, he helped Butters move the items to Smida's residence where they believed the items were less likely to be found by the authorities. Further, Ziemke testified that he and Smida were both convicted in state court for their roles in hiding the collateral. Ziemke and Smida were criminally responsible and they acted on Butters's direction. Therefore, the district court did not commit clear error in applying the aggravated role upward adjustment.

*Obstruction of Justice*

■ Butters also argues that the district court committed plain error in imposing the two-level obstruction of justice upward adjustment pursuant to U.S.S.G. § 3C1.1. She contends that the court erred in relying upon the statements that she made concerning her prior marriages, her children, and her education because, they were not material falsehoods. In order to impose the obstruction of justice upward enhancement, the district court must find that: (1) the defendant made false statements; (2) the statements were material; and (3) the defendant made them with willful intent. *See United States v. Tam,* 240 F.3d 797, 806 (9th Cir.2001). In the present case, the district court did not find that Butters's false statements concerning her personal background were material or that they were made with willful intent. Thus, the district court erred in basing the obstruction of justice adjustment on those statements.

However, the application of an obstruction of justice upward adjustment is still valid if one of two grounds for the adjustment is proper. *See United States v. Hernandez–Valenzuela,* 932 F.2d 803, 805 (9th Cir.1991). Butters's Presentence Investigation Report ("PIR") also recommended the imposition of the upward adjustment because Butters had omitted over $20,000 in personal assets on her presentencing financial statement. Butters argues that the obstruction of justice adjustment cannot be affirmed on this ground because the district court did not properly adopt the PIR in its judgment and because the Government did not prove the omission by reliable evidence. Although the district

court did not list its exceptions to the PIR in its judgment, when the judgment is viewed in light of the entire record, it is sufficiently clear for purposes of appellate review. The district court adopted all of the PIR's factual findings and guideline applications except those relating to U.S.S.G. § 2F1.1(b)(1) (2000). Further, although the district court noted that Ziemke had lied about the items in Butters's possession on other occasions, there is nothing in the record to indicate that he lied during his interview with the probation officer or during his testimony at the sentencing hearing. Ziemke's testimony and the PIR are credible evidence that Butters omitted substantial assets from her presentencing financial statement and this omission is sufficient to support the obstruction of justice upward adjustment.

**AFFIRMED.**