**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

FEB 09 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| STEVEN R. BRIGGS,<br><br>        Plaintiff - Appellant,<br><br>v.<br><br>CAROLYN W. COLVIN, Commissioner of Social Security Administration,<br><br>        Defendant - Appellee. | No. 13-35893<br><br>D.C. No. 1:12-cv-02117-MC<br><br>MEMORANDUM<sup>*</sup> |

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, District Judge, Presiding

Submitted February 5, 2016[**]

Before:   THOMAS, Chief Judge, D. W. NELSON, and LEAVY, Circuit Judges.

Steven R. Briggs appeals pro se the district court's judgment affirming the decision of the Commissioner of Social Security, finding him not disabled within the meaning of the Social Security Act, except for a closed period of time from

---

        [*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

        [**]   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

September 7, 2006 through January 18, 2008.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo, *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012), and we affirm.

Briggs challenges the accuracy of the administrative record.  More specifically, Briggs contends that the district court erred in not investigating his allegation that the transcript of his hearing before the administrative law judge ("ALJ") was altered to delete the ALJ's ruling regarding Briggs's period of disability. Both the hearing transcript and the entire administrative record were certified as accurate and complete.  *See* 28 U.SC. § 753(b) (stating that a certified transcript is "deemed prima facie a correct statement of the testimony").  Briggs's bare assertion that the hearing transcript was altered is not sufficient to undercut the presumptive accuracy of that record.  *See Abatino v. United States*, 750 F.2d 1442, 1445 (9th Cir. 1985) (noting that appellants have the burden of proof regarding the accuracy of the appellate record supporting their appeal).

Substantial evidence supports the ALJ's determination that Briggs experienced a change in his residual functional capacity, an increase in his ability to do work, and therefore a medical improvement as of January 19, 2008.  *See Molina* 674 F.3d at 1110-11.

**AFFIRMED.**

2