The PEOPLE OF the TERRITORY OF GUAM, Plaintiff-Appellee,

v.

John B. SANTOS, Defendant-Appellant.

No. 82–1706.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 7, 1984 *.

Decided Aug. 30, 1984.

---

\* The panel finds this case appropriate for submission without argument pursuant to 9th Cir.R.

3(a) and Fed.R.App.P. 34(a).

Leslie Weatherhead, Agana, Guam, for plaintiff-appellee.

John B. Santos, in pro. per.

Before BROWNING, Chief Judge, MERRILL and SNEED, Circuit Judges.

PER CURIAM:

John B. Santos appeals from the decision of the Appellate Division of the District Court of Guam affirming his conviction for kidnapping, attempted murder, and possession and use of a deadly weapon in the commission of a felony. We affirm.

Santos's first notice of appeal, timely filed, was dismissed without his written consent in violation of Rule 6(c) of the Rules of this court. The appeal was dismissed through clerical error. Acting on advice from Santos's sister, Santos's attorney moved to dismiss the appeal although Santos apparently did not wish him to do so. The Clerk's office wrote to the attorney stating the motion could not be acted upon without Santos's signature. Apparently not aware of the Clerk's letter, and assuming the appeal had been dismissed pursuant to his attorney's motion, Santos both filed a new but now untimely notice of appeal and asked the Clerk the date the mandate had issued on dismissal of the initial appeal so he could file a motion under F.R.Crim.P. 35 in the district court. The Clerk's office took Santos's letter as consent to the dismissal of the initial appeal, and entered the order of dismissal. Santos in fact did not wish to dismiss the initial appeal and did not at any time con-

sent to its dismissal in writing as required by Local Rule 6(c) of this court. Rule 6(c) is clearly designed to protect the real party in interest—the defendant—from inadvertently losing his statutory right to appeal. The order of dismissal, entered through clerical error in violation of Rule 6(c), is void. We retain jurisdiction of the appeal under defendant's timely notice of appeal.

■ Santos has not shown that his appellate counsel's assistance was ineffective. To prevail on this claim he must demonstrate that his counsel's performance was deficient and counsel's defective performance prejudiced the defense. *Strickland v. Washington,* — U.S. —, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). The trial court correctly ruled that if the defense used the exculpatory evidence, the prosecution could use an illegally obtained confession for impeachment. Fed.R.Evid. 806. The ruling did not violate Santos's sixth amendment right to confront adverse witnesses. *See United States v. Nobles,* 422 U.S. 225, 239–40, 95 S.Ct. 2160, 2170–71, 45 L.Ed.2d 141 (1975); *cf. McConney v. United States,* 421 F.2d 248 (9th Cir.1969). It was not ineffective assistance of counsel to refrain from appealing a correct ruling.

■ Santos argues that the trial court erred by not putting witness Vargas on the stand to determine the scope of his fifth amendment privilege. Even assuming the trial court's action was erroneous and appellate counsel erred in not appealing it, these errors were not prejudicial. Santos's trial counsel made a tactical decision not to introduce Vargas's prior testimony after the court ruled Vargas's confession admissible. In these circumstances the court's failure to determine the scope of Vargas's privilege made no difference. A tactical decision by counsel with which the defendant disagrees cannot form the basis of a claim of ineffective assistance of counsel. *Strickland,* 104 S.Ct. at 2066. Moreover, the errors, if any occurred, were harmless in light of the overwhelming evidence of guilt.

■ Finally, Santos has not shown that failure to raise the issue of prosecutorial misconduct constituted ineffective assistance of counsel. The record was insufficient to show that misconduct occurred since it did not establish the jurors were present when the prejudicial remarks were made.

AFFIRMED.