942 F.2d 793
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Theron L. PINE, Petitioner-Appellant,
v.
B.J. BUNNELL, Superintendent, Respondent-Appellee.
 No. 91-15127.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 23, 1991.*
Decided Sept. 3, 1991.
 
 MEMORANDUM**
 Before JAMES R. BROWNING, SNEED and WILLIAM A. NORRIS, Circuit Judges.
 
 
 1
 Theron L. Pine, a California state prisoner, appeals pro se from the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition. Pine, who was convicted of five counts of child molestation, claims that his trial attorney rendered him ineffective assistance of counsel and that newly discovered evidence warrants a new trial.[1] We affirm.
 
 
 2
 * Ineffective Assistance of Counsel
 
 
 3
 To demonstrate ineffective assistance of counsel, a defendant must show that the counsel's performance was deficient and that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). Deficient performance is demonstrated when "counsel made errors so serious that the counsel was not functioning as the 'counsel' guaranteed the defendant by the sixth amendment." Id. There is a strong presumption that the counsel's conduct falls within the "wide range of reasonable professional assistance." Id. at 689. Prejudice is established if there is a reasonable probability that but for the counsel's error, the result of the proceeding would have been different. Id.
 
 
 4
 Pine contends his attorney rendered him ineffective assistance in three ways.
 
 
 5
 First, Pine claims that his attorney failed to object to testimony regarding a prior uncharged incident. The victim testified that on Thanksgiving in 1982, Pine pressed up against her and touched her on the outside of her clothes. The attorney objected to subsequent questioning by the prosecutor and moved the next day for a mistrial, which the court denied, finding that the testimony was not so prejudicial that a mistrial was warranted. Given these circumstances, Pine's attorney's conduct was not outside the "wide range of reasonable professional assistance" such that it constituted deficient performance. Id. Moreover, Pine demonstrates no prejudice from his attorney's failure to object. The victim testified about the charged molestations, and eyewitnesses corroborated her testimony regarding one of the charged incidents. It is not reasonably probable that if counsel had objected to the testimony regarding the Thanksgiving incident, the result of the proceeding would have been different. Id.
 
 
 6
 Second, Pine contends that his attorney failed to investigate adequately the possibility that a family member had molested the victim, who had been infected with gonorrhea. Nevertheless, defense counsel subpoenaed the victim's family's medical records from a doctor believed to have treated the victim's mother and stepfather. During a hearing outside the presence of the jury, defense counsel questioned the stepfather, who denied he had ever been treated for gonorrhea or purchased penicillin in the two years prior to his testimony. The parties also stipulated to the admissibility of a test performed in November 1983 that showed that Pine did not have gonorrhea at that time, and defense counsel argued during his closing argument that Pine did not have gonorrhea. In addition, after Pine provided him with the name of another doctor who treated one of the victim's family, defense counsel argued at the motion for a new trial that he should be given an extension of time to investigate the new lead. The trial court denied the motion. Given these circumstances, defense counsel's conduct does not constitute deficient performance. Id.
 
 
 7
 Third, Pine contests his attorney's trial strategy disputing whether the victim had gonorrhea. At trial, the prosecution presented evidence that in May 1983, a dentist had prescribed penicillin and percadon by telephone to Pine, who told him that he had a toothache, was out of town and could not come in for treatment, and wanted to be treated with drugs until he could see his regular dentist. The prosecution argued that this was circumstantial evidence that Pine may have been trying to treat gonorrhea. In response, defense counsel elicited testimony that there was no conclusive evidence that the victim had gonorrhea. In addition, he presented evidence showing that (1) Pine had an abscessed tooth which was pulled in June 1983, (2) oral penicillin was not the drug of choice to treat gonorrhea, and (3) Pine tested negative for gonorrhea in November 1983. Given these circumstances, defense counsel's decision to dispute whether the victim had gonorrhea was a reasoned, tactical decision which cannot form the basis for a claim of ineffective assistance of counsel. See Guam v. Santos, 741 F.2d 1167, 1169 (9th Cir.1984).
 
 II
 Newly Discovered Evidence
 
 8
 The mere existence of newly discovered evidence relevant to the guilt of a state prisoner is not a ground for federal habeas relief unless the evidence "would probably have resulted in the defendant's acquittal." Gordon v. Duran, 895 F.2d 610, 614 (9th Cir.1990).
 
 
 9
 Pine contends that newly discovered evidence shows that the victim's stepfather was lying when he testified during a hearing outside of the jury's presence that he had never been treated for gonorrhea. After he was sentenced, Pine hired a private investigator, who allegedly determined that on October 30, 1983, ten days after the preliminary hearing and several days before the victim was treated for gonorrhea, the stepfather had filled a prescription for ampicillin, which Pine alleges can be used for the treatment of gonorrhea. Nevertheless, the victim testified about the charged molestations, and eyewitnesses corroborated her testimony regarding one of the charged incidents. Given these circumstances, it is not probable that the evidence would have resulted in Pine's acquittal. Id.[2]
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In his habeas petition, Pine also claimed that the trial court violated his constitutional rights when it denied his motion to substitute counsel before the sentencing hearing. Pine has not raised this claim on appeal, and therefore it is deemed waived. Wilcox v. Commissioner, 848 F.2d 1007, 1008 n. 2 (9th Cir.1988)
 
 
 [2]
 In his habeas petition, Pine also alleged that a psychological examination showing that Pine did not fit the profile of a child molester is new evidence warranting a new trial. Pine has not raised this issue on appeal, and thus it is deemed waived. Wilcox, 848 F.2d at 1008 n. 2