993 F.2d 882
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ronald J. DUPARD, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-35462.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 6, 1992.*
Decided May 12, 1993.
 
 Before SKOPIL, ALARCON and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ronald J. Dupard appeals pro se the district court's denial of his habeas petition. His primary contentions are that the district court erred by rejecting his claim of ineffective assistance of counsel and by refusing to conduct an evidentiary hearing. His remaining issues are raised for the first time on this appeal and will not be considered.
 
 DISCUSSION
 1. Ineffective Assistance of Counsel
 
 3
 To establish ineffective representation, Dupard must show that (1) his attorney's representation fell below an objective standard of reasonableness; and (2) the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). He asserts the representation was deficient because his attorney decided not to challenge two search warrants on the ground that the warrants were unconstitutionally overbroad. He claims prejudice by asserting that but for counsel's decision, he would not have pleaded guilty. We agree with the district court that there is no basis to accept either assertion.
 
 
 4
 First, we have reviewed the challenged warrants and conclude that the items to be seized as described in the warrants were reasonably related to the crimes specified, and accordingly the challenged provisions of the warrants were not unconstitutionally overbroad. The warrants specifically placed a time limitation on the relevancy of items seized, and directed seizure of items relating only to the "Unlawful Delivery of a Controlled Substance/Cocaine and Conspiracy to Unlawfully Deliver a Controlled Substance Cocaine." We have repeatedly upheld warrants containing otherwise broad lists of seizable items which are limited by either time or type of crime restrictions. See, e.g., United States v. Schmidt, 947 F.2d 362, 374 (9th Cir.1991) (limited by time period); United States v. Hernandez-Escarsega, 886 F.2d 1560, 1567-68 (9th Cir.1989) (limited to crimes of possession or distribution of controlled drugs), cert. denied, 497 U.S. 1003 (1990); United States v. Rodriguez, 869 F.2d 479, 487 (9th Cir.1989) (limited to crime of conspiracy to sell cocaine); United States v. McLaughlin, 851 F.2d 283, 286 (9th Cir.1988) (limited to drug sales and specific crimes listed). Counsel is not obligated to pursue a theory not likely to succeed. United States v. Molina, 934 F.2d 1440, 1447 (9th Cir.1991).
 
 
 5
 Second, Dupard's claim that he was prejudiced by his attorney's decision is substantially undermined by the fact that Dupard was aware of counsel's decision but nevertheless elected to enter a conditional plea. Moreover, even if counsel had advanced the theory now advocated by Dupard, the district court would have likely denied the motion, and the issue would have been reviewed on direct appeal. Since the theory is without merit, Dupard cannot show that he was prejudiced by counsel's decision not to pursue it. See Guam v. Santos, 741 F.2d 1167, 1169 (9th Cir.1984) ("A tactical decision by counsel with which the defendant disagrees cannot form the basis of a claim of ineffective assistance of counsel.")
 
 2. Evidentiary Hearing
 
 6
 Under 28 U.S.C. § 2255, an evidentiary hearing must be granted "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. Dupard has not alleged facts outside the record that the district court was required to resolve before ruling on the petition. Accordingly, we conclude that the district court did not abuse its discretion in not conducting an evidentiary hearing. See Doganiere v. United States, 914 F.2d 165, 168 (9th Cir.1989).
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3