15 F.3d 1083
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Tossie BENNETT, Petitioner-Appellant,
v.
Robert G. BORG, Warden, Respondent-Appellee.
 No. 92-55962.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 3, 1993.
Decided Dec. 7, 1993.
 
 Before: BROWNING, BEEZER AND TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Tossie Bennett challenges the district court's denial of his petition for a writ of habeas corpus. He argues that he should be granted a new trial because a key prosecution witness recanted her testimony following the trial and because his trial counsel was ineffective. We affirm.
 
 
 3
 * A
 
 
 4
 Bennett argues that this court should grant his habeas corpus petition and order a new trial because his initial conviction was based on perjured testimony. This court reviews de novo the district court's decision to grant or deny a habeas petition. Adams v. Peterson, 968 F.2d 835, 843 (9th Cir.1992) (en banc), cert. denied, 113 S.Ct. 1818 (1993).
 
 
 5
 Even if it were true that the conviction was based on perjured testimony, it is doubtful that habeas relief would be warranted. "Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." Herrera v. Collins, 113 S.Ct. 853, 860, 122 L.Ed.2d 203, 216 (1993). The Supreme Court has held that a constitutional violation requiring habeas relief does occur if the government knowingly uses false evidence. Napue v. Illinois, 360 U.S. 264, 269 (1959). We need not decide whether, as Bennett claims, the prosecution's unknowing use of false evidence requires a new trial, because we conclude the testimony at trial was not perjured.
 
 B
 
 6
 Newly discovered evidence warrants federal habeas relief only if it "would probably have resulted in the defendant's acquittal." Gordon v. Duran, 895 F.2d 610, 615 (9th Cir.1990). We can only disturb the district court's finding that Green's recantation was not convincing and was less believable than her previous testimony if we decide this finding is clearly erroneous. See Thomas v. Brewer, 923 F.2d 1361, 1364 (9th Cir.1991). After reviewing the hearing transcript, we conclude, as did the district court, that Green's memory of the critical events was incomplete and her recantation was not convincing. The district court's finding that Green's trial testimony was not perjured is not clearly erroneous.
 
 II
 
 7
 Bennett also claims that his right to counsel was violated because he received ineffective assistance of counsel. To establish ineffective assistance of counsel, a petitioner must prove that: (1) counsel's representation fell below an objective standard of reasonableness, and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 690, 694 (1984). Bennett has failed to prove either prong under the Strickland test.
 
 
 8
 He is unhappy with the arguments his counsel made at trial and with his counsel's decision not to call certain witnesses and investigate certain leads. However, the choice of what defense to present is a tactical decision. See Bashor v. Risley, 730 F.2d 1228, 1241 (9th Cir.), cert. denied, 469 U.S. 838 (1984) (counsel's decision not to offer a negligent homicide instruction, thus leaving the jury with the choice of finding the defendant guilty of murder or acquitting him, was tactical). A reasonable tactical decision by counsel with which a petitioner disagrees cannot form the basis of an ineffective assistance claim. Guam v. Santos, 741 F.2d 1167, 1169 (9th Cir.1984).
 
 
 9
 Trial counsel's "decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." Strickland, 466 U.S. at 691. Given the extremely unreliable nature of the information upon which the leads were supposed to be based, it was reasonable that Bennett's attorney declined to fully investigate each lead. Furthermore, Bennett has not met the burden of showing that, but for his attorney's errors, the trial result would have been different. See Strickland, 466 U.S. at 694.
 
 
 10
 Bennett makes the additional claim that the district court abused its discretion by not holding an evidentiary hearing on the ineffective assistance issue. Bennett was given an evidentiary hearing, however, during which Kathy Green recanted her prior testimony. There is no evidence, nor does Bennett allege that he requested and was denied the opportunity to present evidence relating to the ineffective assistance claim during this hearing.
 
 
 11
 The district court's denial of Bennett's habeas petition is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3