26 F.3d 133
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alejandro GARCIA-MORA, Defendant-Appellant.
 No. 93-55778.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 6, 1994.*
Decided June 6, 1994.
 
 1
 Before: BROWNING and FLETCHER, Circuit Judges, and FITZGERALD,** Senior District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Alejandro Garcia-Mora appeals the district court's denial of his 28 U.S.C. Sec. 2255 motion to vacate, set aside or correct his sentence following a jury conviction for conspiracy to possess methamphetamine with intent to distribute, possession with intent to distribute, and conspiracy to manufacture methamphetamine, in violation of 21 U.S.C. Secs. 841(a)(1) and 846 and 18 U.S.C. Sec. 2.
 
 
 4
 Garcia-Mora raises two issues on appeal. First, did the government engage in outrageous conduct requiring the dismissal of the indictment for supplying him with the precursor chemicals necessary for manufacturing methamphetamine? Second, was Garcia-Mora denied effective assistance of counsel when his attorney failed to move to dismiss for governmental misconduct and failed to make a timely objection to a witness' response? We conclude that the answer to both of these questions is no.
 
 I.
 
 5
 On November 28, 1989, Alberto Gamboa Hernandez, a DEA confidential informant, contacted Garcia-Mora by telephone to discuss a purchase of methamphetamine. On December 12, 1989, Hernandez, Garcia-Mora, and undercover DEA Agent Huertas met at a McDonald's in San Diego. At the McDonald's Garcia-Mora sold Agent Huertas half a pound of methamphetamine for $3,500. Garcia-Mora told Agent Huertas that he needed certain precursor chemicals to manufacture methamphetamine and would trade methamphetamine for these chemicals. Garcia-Mora gave Gonzalez a list of the chemicals he wanted.
 
 
 6
 On January 10, 1990, Garcia-Mora delivered to Agent Huertas one pound of what he claimed was methamphetamine, but which was actually ephedrine. Following this exchange Agent Huertas gave Garcia-Mora chemicals for making more methamphetamine. Ultimately, on February 27, 1990, Garcia-Mora delivered seven pounds of methamphetamine to Agent Huertas and was placed under arrest.
 
 
 7
 A jury trial began on June 28, 1990, and concluded on June 30, 1990 when Garcia-Mora was found guilty on all three counts. On September 18, 1990 he received a sentence of 188 months in custody, followed by five years of supervised release. An appeal was timely filed and the conviction was affirmed on May 14, 1991. On October 9, 1992, appellant filed a motion for habeas corpus relief pursuant to 28 U.S.C. Sec. 2255. An order denying the motion for habeas corpus was entered by the district court on April 7, 1993. This appeal followed.
 
 A.
 
 8
 A district court's decision to grant or deny habeas corpus relief is reviewed de novo. Adams v. Peterson, 968 F.2d 835, 843 (9th Cir.1992) (en banc), cert. denied, 113 S.Ct. 1818 (1993). "To the extent it is necessary to review findings of fact, the clearly erroneous standard applies." Thomas v. Brewer, 923 F.2d 1361, 1364 (9th Cir.1991). A district court's decision whether to dismiss an indictment for outrageous government conduct on due process grounds is reviewed de novo. United States v. Barrera-Moreno, 951 F.2d 1089, 1091 (9th Cir.1991), cert. denied, 113 S.Ct. 417 (1992).
 
 
 9
 Garcia-Mora contends that the conduct of the government's agent in supplying him with precursor chemicals necessary for the manufacture of methamphetamine constituted outrageous government conduct requiring the dismissal of the indictment.[1]
 
 
 10
 Outrageous government conduct is not a defense, but rather a claim that government conduct in securing the indictment was so shocking to due process values that the indictment must be dismissed. United States v. Hampton, 425 U.S. 484 (1976). Outrageous government conduct complements the entrapment defense in that entrapment focuses on the defendant's subjective intentions, while outrageous government conduct focuses on the objective behavior of government agents. United States v. Garza-Juarez, 992 F.2d 896, 903 (9th Cir.1993), cert. denied, 114 S.Ct. 724 (1994). Under the "extremely high standard" required to invoke this doctrine, an indictment should be dismissed "only when the government's conduct is so grossly shocking and so outrageous as to violate the universal sense of justice." Id. (quoting United States v. Ramirez, 710 F.2d 535, 539 (9th Cir.1983) and United States v. Smith, 924 F.2d 889, 897 (9th Cir.1991)).
 
 
 11
 In United States v. Allen, 955 F.2d 630, 631 (9th Cir.1992), this court found that where government agents participated in the operation of a facility that supplied chemicals used in the manufacture of methamphetamine, it did not offend the universal sense of justice to later arrest methamphetamine producers to whom the agents supplied chemicals. The government contends in its brief that Garcia-Mora provided the first half a pound of methamphetamine without the government's trade for precursor chemicals. Additionally, the government did not supply the glassware, ephedrine, the location, or know-how necessary to the production of methamphetamine. Hence, in light of Allen, the government's conduct is not so grossly shocking as to violate the universal sense of justice.
 
 
 12
 We affirm the district court's rejection of this claim.
 
 B.
 
 13
 To prevail on his claim for ineffective assistance of counsel, Garcia-Mora must show that his counsel made unprofessional errors, and that, but for such errors, it is reasonably probable that he would have received a more favorable verdict. Strickland v. Washington, 466 U.S. 668, 694 (1984). Deficient performance is demonstrated when "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. Our review of counsel's performance is "highly deferential" and there is a "strong presumption" that counsel rendered adequate assistance and exercised reasonable professional judgment. Id. at 690. Prejudice is established if there is a reasonable probability that but for the counsel's error, the result of the proceeding would have been different. Id. at 694.
 
 
 14
 Garcia-Mora contended before the district court that trial counsel, Nicholas Cimmarrusti ("Cimmarrusti"), was ineffective in that he: (1) filed motions late; (2) failed to make a motion to dismiss based on governmental misconduct; (3) failed to seek a competency hearing; (4) was unprepared for cross-examination of a government witness; (5) failed to question the informant or introduce evidence regarding informant's asking whether chemicals would be acceptable payment for methamphetamine; (6) failed to cross-examine agent Huertas on arrest of "four alleged co-conspirators" who were never tried; (7) convinced Garcia-Mora to testify; (8) failed to make a timely hearsay objection to agent Huertas's testimony. Not all of these issues are raised by Garcia-Mora in this appeal and we now address only those issues he does raise.
 
 
 15
 Although Garcia-Mora claims that his trial attorney filed motions late we conclude he was not prejudiced by any late filed motions. These motions were all considered by the district court and the discovery motions were granted. No prejudice has been shown.
 
 
 16
 Second, Cimmarrusti did not act ineffectively in failing to file a motion to dismiss for governmental misconduct because, as noted above, there was no evidence of governmental misconduct in this case.
 
 
 17
 Garcia-Mora now raises for the first time his counsel's failure to seek a competency hearing. On appeal from the denial of a Sec. 2255 motion, we do not consider issues not raised in the district court. United States v. Keller, 902 F.2d 1391, 1395 (9th Cir.1990). Moreover, in the appeal from his conviction Garcia-Mora contended that the court erred in failing to hold a competency hearing sua sponte. In a memorandum disposition this court concluded that "[t]here is nothing in Garcia-Mora's testimony at trial or his colloquies with the court to indicate that he was incompetent to stand trial." Because there remains nothing to suggest his incompetence, counsel did not err in failing to seek a competency hearing.
 
 
 18
 As with the claim regarding the competency hearing, Garcia-Mora now contends for the first time that his counsel failed to adequately cross-examine the informant. We do not review issues raised for the first time on appeal. Keller, 902 F.2d at 1395.
 
 
 19
 Garcia-Mora additionally contends that his counsel failed to adequately cross-examine both the informant and Agent Huertas on the subject of the four alleged co-conspirators who were not indicted. Garcia-Mora does not substantiate either of these claims and we have found no support for these claims in the record. Garcia-Mora then argues that because his attorney failed to discover information about the four alleged co-conspirators his representation was inadequate. Agent Huertas testified that four other individuals were arrested in the course of this investigation but never claimed that they were co-conspirators. There is no basis for the claim of counsel's failure to investigate.
 
 
 20
 Next, Garcia-Mora questions Cimmarrusti's advice that he should testify. In light of Garcia-Mora's claims of governmental misconduct and coercion, testifying on his own behalf makes sense. Generally, a tactical decision by counsel with which the defendant disagrees cannot form the basis of a claim of ineffective assistance of counsel. Guam v. Santos, 741 F.2d 1167, 1169 (9th Cir.1984). Moreover, the trial court asked the appellant whether he was aware the decision to testify was his to make. Garcia-Mora answered that he was aware of this. This does not amount to ineffective assistance of counsel.
 
 
 21
 The last claim raised is whether Cimmarrusti's failure to make a timely hearsay objection during agent Huertas' testimony amounted to ineffective assistance. The district court analyzed this claim and found that even had Cimmarrusti made a timely objection, the evidence would have been admissible under a hearsay exception. Regardless, failure to make a timely objection would not amount to prejudice given the weight of the evidence against the defendant.
 
 
 22
 AFFIRMED.
 
 
 
 *
 This case is appropriate for submission on the briefs and without oral argument per Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 The Honorable James M. Fitzgerald, Senior United States District Judge for the District of Alaska, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In reviewing Sec. 2255 petitions, ordinarily we do not consider claims which, like this one, could have been raised on direct appeal. Here, however, we consider the claim because its merits are relevant to Garcia-Mora's ineffective assistance of counsel claim