26 F.3d 129
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Dennis BRACKETT, Petitioner-Appellant,
v.
William DUNCAN, Warden; James Gomez, Director; Attorney
General of the State of California, Respondents-Appellees.
 No. 93-55614.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 6, 1994.*
Decided June 14, 1994.
 
 Before: TANG, PREGERSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Dennis Brackett, a California state prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. Sec. 2254 habeas petition. We review de novo, Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989), and we affirm.
 
 
 3
 * Brackett contends that he was deprived of his right to a fair trial because, he alleges, both the trial judge and defense counsel were actually members of the Riverside County District Attorney's Office at the time of his trial. The district court correctly rejected this claim for relief because it was not supported by any reliable evidence. See Boehme v. Maxwell, 423 F.2d 1056, 1058 (9th Cir.1970) (habeas relief can be granted only if the habeas petition is supported by some reliable form of evidence).
 
 II
 
 4
 Brackett next contends that the prosecutor withheld potentially exculpatory evidence, namely blood and fingernail scraping samples taken from the victim as part of a sexual assault kit. This contention is flatly contradicted by the record. The investigating police officer testified that no sexual assault kit was made because there was no actual penetration of the victim, no injuries to Brackett, and only minor injuries to the victim. Thus, Brackett failed to demonstrate that the prosecutor withheld any evidence.
 
 III
 
 5
 Brackett argues that he received ineffective assistance of counsel both at trial and on direct appeal. We disagree.
 
 
 6
 To demonstrate ineffective assistance, a defendant must show that (1) counsel's performance was deficient; and (2) the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). A reasonable tactical decision by counsel with which the defendant disagrees cannot form the basis of an ineffective assistance claim. Id. at 690; Guam v. Santos, 741 F.2d 1167, 1169 (9th Cir.1984).
 
 
 7
 Here, Brackett alleges that trial counsel was ineffective because he (1) refused to call certain witnesses who allegedly would have testified that Brackett was not in the vicinity at the time of the assault, (2) did not present a police report in which the victim had identified her attacker as a white male, (3) did not present the blood and fingernail evidence allegedly taken from the victim, and (4) had a conflict of interest due to his alleged employment in the District Attorney's office.
 
 
 8
 The trial record belies Brackett's contention that his trial counsel rendered ineffective assistance. Counsel's decision not to call alibi witnesses was a reasonable tactical decision because the state's evidence clearly demonstrated that Brackett was in the vicinity when the assault occurred. Indeed, he was arrested a short distance from the crime scene approximately ten minutes after the assault. Moreover, defense counsel thoroughly cross-examined the victim and elicited from her the fact that she initially had identified her attacker as a white male. Counsel also interrogated her regarding other inconsistencies in the information she provided to the police. Finally, as we already have discussed, no blood or fingernail scrapings were taken from the victim, and there is no evidence that defense counsel actually was a member of the district attorney's office. Accordingly, Brackett has not demonstrated that he received ineffective assistance of counsel at trial. See Strickland, 466 U.S. at 690; Guam, 741 F.2d at 1169.
 
 
 9
 Brackett also argues that his appellate counsel was ineffective because he failed to raise on direct appeal the issues of (1) ineffective assistance by trial counsel, (2) prosecutorial misconduct, and (3) judicial misconduct. This argument fails because Brackett has not demonstrated that appellate counsel's performance was deficient. Indeed, appellate counsel properly exercised his judgment in determining that the issues Brackett wanted to raise were meritless. See Jones v. Barnes, 463 U.S. 745, 754 (1983) (appellate counsel must exercise professional judgment in selecting issues to be raised on appeal and does not have a duty to raise every claim suggested by a client).
 
 
 10
 Accordingly, we affirm the district court's dismissal of Brackett's habeas petition.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Brackett's requests for oral argument and appointment of counsel are denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3