36 F.3d 1103
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Joyce BERRY, Defendant-Appellant.
 No. 94-15205.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 20, 1994.*
Decided Sept. 22, 1994.
 
 Before: SNEED, WIGGINS, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Joyce Berry ("Berry" or "defendant") appeals the district court's denial, following this court's remand for an evidentiary hearing, in her 28 U.S.C. Sec. 2255 motion to vacate, set aside or correct her sentence. Berry was convicted following a jury trial of armed bank robbery, the use of a weapon in committing a violent crime, and aiding and abetting, in violation of 18 U.S.C. Secs. 2213(a) and (d), and 924(c). We have jurisdiction pursuant to 28 U.S.C. Sec. 2255. We review de novo the denial of a motion under 28 U.S.C. Sec. 2255. United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990). We affirm.
 
 
 3
 Berry contends the district court erred in denying her Sec. 2255 motion because her trial attorney rendered ineffective assistance of counsel by failing to interview key witnesses in her case. This contention lacks merit.
 
 
 4
 To demonstrate ineffective assistance, a defendant must show that counsel's performance was deficient and that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). Deficient performance is demonstrated when "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. There is a strong presumption that counsel's conduct falls within "the wide range of reasonable professional assistance." Id. at 689. "[T]hat is, the defendant must overcome the presumption that the challenged action 'might be considered sound trial strategy.' " Id. A tactical decision by counsel with which the defendant disagrees cannot form the basis of an ineffective assistance claim. See id.; Guam v. Santos, 741 F.2d 1167, 1169 (9th Cir.1984).
 
 
 5
 Berry filed a Sec. 2255 motion alleging ineffective assistance of trial counsel which was initially denied without a hearing by the district court. On appeal, this court remanded the action for an evidentiary hearing, stating that on the basis of the record as developed at that point, it could not be conclusively determined that the Sec. 2255 motion was without merit. See United States v. Berry, No. 92-10731, unpublished memorandum disposition (9th Cir. Aug. 18, 1993). On remand, the district court denied the Sec. 2255 motion after an evidentiary hearing.
 
 
 6
 In her Sec. 2255 motion, Berry alleged that counsel was ineffective because he failed to conduct a proper pretrial investigation and to call her husband and codefendant, Shawn Berry, as an exculpatory witness. We disagree.
 
 
 7
 As the district court noted, counsel's failure to interview Shawn Berry, defendant's husband, did not amount to ineffective assistance of counsel. First, Shawn Berry signed a plea agreement implicating defendant as a coconspirator. Second, Shawn Berry also admitted that he read a copy of his presentence report which stated that defendant aided and abetted the bank robbery by driving the getaway car after the robbery, and by helping to case various potential target banks before the robbery. Third, although Shawn Berry told the police after the crime that neither defendant, nor Joan West, another coconspirator, had anything to do with the robbery, he later changed his story. Shawn Berry admitted in the evidentiary hearing, that this statement to the police was untrue, and that only defendant had nothing to do with the robbery. Shawn Berry asserted at the hearing that he would have testified in defendant's favor had he been called by her attorney. Counsel, however, testified that defendant told him that Shawn Berry was upset with her, and would not help her.
 
 
 8
 On the record before us, we do not find that the district court erred by denying defendant's 2255 motion. Although counsel did not interview Shawn Berry, his plea agreement and the presentence report indicate that he would not have been a favorable witness. Further, Shawn Berry's testimony was inconsistent, at best. Initially he implicated defendant in the plea agreement; later he claimed she was innocent. He stated at the evidentiary hearing, after he had been convicted, that he felt responsible for defendant, and wanted to help her. However, given the inconsistencies of Shawn Berry's statements about Berry's involvement, as well as his own admission that he initially lied to the police, it may have been a tactical decision by counsel to decline to call Shawn Berry as a witness. See Strickland, 466 U.S. at 689; Guam, 741 F.2d at 1169. Appellant urges that counsel's failure to interview Shawn Berry was error, and not a tactical decision. Nonetheless, even if the failure to interview Shawn Berry was not a tactical decision, it is doubtful whether such testimony would have changed the jury's mind about defendant given the inculpatory statements made by Shawn Berry in the plea agreement. Therefore, Berry has not shown prejudice from counsel's alleged error necessary to support an ineffective assistance of counsel claim. See Strickland, 466 U.S. at 687.
 
 
 9
 Finally, the record does not support the allegation that counsel failed to prepare for trial or to properly conduct a pretrial investigation. Although counsel did not interview Bill West, counsel testified at the hearing that defendant told counsel West hated her, and would not testify in her behalf. Defendant admits she told counsel that Bill West would not be helpful to her. Counsel testified at the hearing that he spoke to Joan West's attorney who indicated that Joan West would testify against defendant at trial.[1] We therefore conclude that the district court did not err by denying defendant's Sec. 2255 motion.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Joan West and Bill West were fugitives, and thus unavailable, at the time of the evidentiary hearing