66 F.3d 334
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William B. BIRD, Petitioner-Appellant,
v.
Allan BAILEY, Superintendent, Ketchikan Correctional Center,
State of Alaska, Respondent-Appellee.
 No. 94-36239.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 8, 1995.*
Decided Sept. 12, 1995.
 
 Before: HALL, WIGGINS, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 William B. Bird, an Alaska state prisoner, appeals the district court's denial of his 28 U.S.C. Sec. 2254 petition for habeas corpus. Bird contends that his trial counsel was ineffective in defending him against a sexual abuse of a minor charge. He points to the following two examples of his lawyer's deficient performance: (1) counsel's deliberate introduction of evidence that Bird once answered the door in the nude and (2) counsel's failure to prevent the introduction of a witness's testimony that she heard that Bird had been caught in bed with his girlfriend's children. Bird argues that each of these errors requires reversal, or alternatively, that the cumulative effect of counsel's alleged errors amounted to ineffective assistance of counsel.
 
 I.
 
 3
 During trial, the defense called Bird's longtime employer, Phyllis Cullop, as a character witness in an effort to bolster Bird's credibility over that of the complaining child witnesses. During the course of his direct examination, defense counsel asked Cullop about an incident in which Bird and his girlfriend, K.L., then Cullop's tenants, were arguing loudly. Cullop knocked on the apartment door to complain about the noise, and Bird came to the door naked and intoxicated. The children were not present. Both Cullop and Bird testified that Bird was extremely embarrassed by the incident.
 
 
 4
 At his deposition taken in connection with defendant's ineffective assistance of counsel claim, Mr. Bruce, Bird's trial counsel, testified that he "didn't think [the incident] was particularly harmful unless it was brought out by the State" on cross-examination. Bruce feared that unless he attempted to neutralize the import of the incident, "the State would try [to] bring [it] in as impeachment evidence that ... [Bird] did things that were wrong in terms of sexual acts." Bruce also acknowledged that he did not consider seeking a protective order to prevent the prosecutor from introducing the evidence on cross-examination. In assessing the impact of Cullop's testimony, the trial judge noted that the prosecution did not cover the incident at length during cross-examination or closing argument, and opined that the testimony "didn't give any kind of impression that [the incident] was a big deal."
 
 
 5
 Bird argues that because Cullop was put on the stand to testify only as to his reputation for truthfulness, evidence that he answered the door naked was irrelevant and inadmissible, and that no reasonably competent defense attorney could have failed to recognize this fact. See Alaska R.Evid. 608(b) ("If a witness testifies concerning the character for truthfulness or untruthfulness of a previous witness, the specific instances of conduct probative of the truthfulness or untruthfulness of the previous witness, may be inquired into on cross-examination.") Based on our examination of the record, we conclude, however, that Cullop was a character witness. Besides testifying about Bird's honesty, Cullop also testified more generally about her relationship with Bird--i.e., that Bird was a good employee, that he sometimes drank, but that his drinking did not affect his work. Under Alaska R.Evid. 405(b), a witness who gives an opinion as to a person's character may be cross-examined about "relevant specific instances of his conduct." We conclude that Bruce's decision to elicit Cullop's testimony on the issue of Bird's answering the door in the nude was a reasonable tactical decision given that Cullop's testimony could have formed the basis of a prosecution impeachment theory under Rule 405(b). A "tactical decision by counsel with which the defendant disagrees cannot form the basis of a claim of ineffective assistance of counsel." Guam v. Santos, 741 F.2d 1167, 1169 (9th Cir.1984). Further, even assuming, arguendo, that the more prudent course was to seek a protective order, Bird has failed to demonstrate that there is any likelihood that a motion for a protective order would have been granted. In sum, Bird has failed to demonstrate (1) that Bruce's performance was unreasonable and (2) that there is a reasonable probability that a motion for a protective order or a decision not to introduce the complained of testimony would have led to a better outcome. See Strickland v. Washington, 466 U.S. at 668, 687 (1984).
 
 II.
 
 6
 The second basis for defendant's ineffective assistance of counsel claim involves the testimony of Bird's ex-wife, Cecilia Bird ("Cecilia"), whom the defense called as a character witness. Cecilia testified, inter alia, that she had "good feelings" about Bird and characterized Bird as a "good person." When Bird's counsel concluded his direct examination, the state asked to be heard out of the presence of the jury. After the court excused the jury, the prosecutor asked for leave pursuant to Rule 405(b) to cross-examine Cecilia about a statement she purportedly made to Ketchikan police officer Jacobson concerning her knowledge of Bird's involvement in an act of misconduct involving K.L.'s children. The prosecutor described his proposed cross-examination as follows:
 
 
 7
 And Officer Jacobson interviewed [Cecilia] Bird on August 22, 1989 and at that time Ms. Bird said, when she was told of the sexual abuse in this case, said she wasn't surprised because Bill's [Bird's] sister, Kathy Bird ... told her two months ago that ... he was caught in bed with two of his stepchildren. He told Kathy that he was in a blackout and didn't remember anything.
 
 
 8
 Apparently, the prosecutor read the police report to indicate that Cecilia had told Jacobson that she was not surprised by the current accusations against Bird because she was aware of prior incidents of alleged sexual abuse. Bruce objected to the proposed cross-examination, contending that the prosecutor's version of the conversation between Jacobson and Cecilia was inaccurate. Over Bird's objection, the court allowed the cross-examination to continue. When asked about her statement to Jacobson, Cecilia testified that the prosecutor's version of the conversation contained discrepancies. On redirect, Cecilia explained that her comment to Jacobson was in reference to the same incident for which Bird was currently on trial rather than a separate act of misconduct.[1] In other words, Cecilia told Jacobson that the investigation was not a surprise to her because she had already heard about it from Kathy Bird.
 
 
 9
 Bruce testified during his deposition that although he reviewed the police report well in advance of trial and was fully aware of Jacobson's account of Cecilia's statement, he failed to discuss the report with Cecilia while preparing her testimony the night before trial because he "forgot the incident, which was a real problem in the trial." Bird faults Bruce for introducing "broad character evidence" through Cecilia, thereby opening the door to cross-examination about specific instances of Bird's conduct under Rule 405(b), for failing to seek a protective order excluding the disputed line of questioning, and for failing to remember the content of the police report.
 
 
 10
 Bird's arguments are without merit. First, calling Cecilia as a character witness was a reasonable tactical decision. As Bruce testified during his deposition, Cecilia was a highly respected member of the Ketchikan community whose opinions carried great weight and credibility. Because Bruce considered Cecilia's testimony to be crucial, and had not been dissuaded from calling her as a witness upon first learning of her statement to Jacobson, it seems reasonable to infer that Bruce would have called her to testify as planned even had he remembered her statement the night before trial. Second, Bird has failed to establish that there is any likelihood that the court would have excluded the disputed line of cross-examination if counsel had sought a protective order prior to trial.[2] Most importantly, however, Cecilia made it clear during her testimony that her comment to Jacobson was a reference to the same incident for which Bird was being tried rather than a separate incident of sexual abuse. Bird has thus failed to establish that Bruce's performance was unreasonable or that there is a reasonable probability that a motion for a protective order or a decision not to call Cecilia as a character witness would have led to an acquittal. See Strickland, 466 U.S. at 687.
 
 
 11
 Because neither of counsel's alleged errors supports an ineffective assistance of counsel claim, we reject Bird's argument that the cumulative effect of Bruce's mistakes had a substantial and injurious influence on the jury's verdict.
 
 
 12
 AFFIRMED.
 
 
 
 *
 This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Q: What Andrea Jacobson wrote is [that Cecilia Bird] did not seem surprised that I was asking her
 A: That's the discrepancy.
 Q: Okay. Maybe you could explain why it's a discrepancy.
 A: I wasn't surprised at the question or the allegations because Kathy Bird had relayed that information to me previously. I had heard that.
 Q: That Bill had been charged?
 A: Yes.
 After Bruce's redirect examination, the state asked no further questions on this topic and did not put Jacobson on the stand to refute Cecilia's account of the conversation.
 
 
 [2]
 In fact, the Alaska court of appeals opined that "[g]iven the extent to which Bird opted to put his character in issue, the disputed cross-examination would likely have been admissible under [Rule 405(b) ]; and the trial court could well have found it more probative than prejudicial under [Rule 403]."