98 F.3d 1348
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Raymundo VINDIOLA, Defendant-Appellant.
 No. 95-16742.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 7, 1996.*
Decided Oct. 11, 1996.
 
 Before: BEEZER, KOZINSKI, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Raymundo Vindiola, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion challenging his conviction for possession with intent to distribute marijuana and for conspiracy to possess marijuana with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Vindiola contends that trial counsel was ineffective because he: (1) failed to file a motion to suppress or attempt to impeach a photo identification of Vindiola; (2) allowed Vindiola to testify at trial; (3) opened the door to the admission of the drug ledgers; (4) opened the door to cross-examination regarding civil forfeitures of Vindiola's vehicles and restaurant; (5) questioned Vindiola about his prior criminal history; (6) recalled border patrol agent Dominguez as a defense witness, and did not object to the agent's testimony on cross-examination regarding the drug ledgers; and (7) failed to request a limiting instruction regarding the drug ledgers. We have jurisdiction pursuant to 28 U.S.C. § 2255.
 
 
 3
 Vindiola contends that trial counsel was ineffective because he put on an ineffective defense. We review de novo a district court's determination that trial counsel did not render ineffective assistance. United States v. Span, 75 F.3d 1383, 1387 (9th Cir.1996). To prevail on a claim of ineffective assistance, a defendant must show both that his counsel's performance was deficient and that this prejudiced his case. Strickland v. Washington, 466 U.S. 668, 688 (1984). To establish prejudice, a defendant must affirmatively prove that "there is reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "If it is possible to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, we may do so without examining the performance prong." Id. at 697. A tactical decision by counsel that is not objectively unreasonable, but with which the defendant disagrees, does not constitute ineffective assistance of counsel. Guam v. Santos, 741 F.2d 1167, 1169 (9th Cir.1984); Hughes v. Borg, 898 F.2d 695, 703 (9th Cir.1990).
 
 
 4
 Here, Vindiola argues that the only viable defense was misidentification of Vindiola as a participant in the conspiracy. Vindiola claims that counsel should have focused on the informant's initial identification of Manuel Saenz, not Raymundo Vindiola, as the drug dealer.
 
 
 5
 Vindiola argues that trial counsel failed to function as the government's adversary when he decided to put on a defense that required Vindiola to testify and admit that he knew the participants in the drug conspiracy, was present at the Homestead address on the day the deal was made with the informant, was familiar with various drug ledgers, and had a prior conviction for driving while intoxicated and had been deported.
 
 
 6
 Vindiola fails to show that putting on a misidentification defense would have resulted in his acquittal. See Strickland, 466 U.S. at 694. At best, Vindiola shows, in hindsight, that there was a difference of opinion about his defense, which does not constitute ineffective assistance. See Strickland, 466 at 688-89; Hughes, 898 F.2d at 703. The evidence against Vindiola was overwhelming. Trial counsel strategically decided to admit Vindiola's affiliation with the members of the conspiracy, but distance him from the others by showing that Vindiola had legitimate business interests for being present at the Homestead address, and had no prior drug convictions. See Strickland, 466 U.S. at 681-91. Because Vindiola cannot prove prejudice, trial counsel was effective. See Strickland, 466 U.S. at 694.
 
 
 7
 Vindiola also contends that counsel was ineffective because he failed to request a limiting instruction regarding the drug ledgers. The hearsay rule prohibits drug ledgers from being admitted into evidence to prove anything other than the character and use of the place where found, unless proper foundation has been laid. United States v. Enriquez-Estrada, 999 F.2d 1355, 1360 (9th Cir.1993).
 
 
 8
 Here, Vindiola claims that counsel caused irreparable harm by opening the door to the admission of the drug ledgers. Counsel questioned Vindiola about the ledgers in an effort to show that the figures represented legitimate business purchases. Moreover, prior to admission of the ledgers, the district court overruled counsel's foundational objection to government's exhibit 6 and sustained his objection to exhibits 8 and 9.
 
 
 9
 Vindiola was not prejudiced because the district court gave and adequate limiting instruction and counsel did not object. See Strickland, 466 U.S. at 694. Therefore, Vindiola's claim fails. See id.
 
 
 10
 After independent review, we affirm claims 1, 2, 3, 4, and 6 for the reasons stated in the district court's order filed August 9, 1995. We affirm claims 5 and 7 because Vindiola cannot show prejudice. See id.
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because we affirm the denial of relief under the former version of 28 U.S.C. § 2255, we do not consider whether the Antiterrorism and Effective Death Penalty Act of 1996 Applies to this appeal