124 F.3d 212
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Agustine V. MONROY, Petitioner-Appellant,
v.
Theo WHITE, Respondent-Appellee.
 No. 96-55563.
 United States Court of Appeals, Ninth Circuit.
 Submitted September 8, 1997.**
Filed September 15, 1997.
 
 Appeal from the United States District Court for the Southern District of California, D.C. No. CV-93-01580-B; Rudi M. Brewster, District Judge, Presiding.
 Before HALL, BRUNETTI, and THOMAS, Circuit Judges.
 
 
 1
 MEMORNADUM*
 
 
 2
 Agustine V. Monroy, a California state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 petition challenging his jury trial conviction for first degree attempted murder, use of a deadly weapon to inflict great bodily injury, and shooting at an unoccupied vehicle. Monroy contends that the district court erred by denying his petition because: (1) the evidence was insufficient to sustain a conviction for attempted first degree murder; and (2) trial counsel was ineffective. We review de novo a district court's decision on a section 2254 petition. See Duckett v. Godinez, 67 F.3d 734, 739 (9th Cir.1995), cert. denied, 116 S.Ct. 1549 (1996). We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.
 
 
 3
 Monroy contends that there was insufficient evidence to support his attempted murder conviction because there was no planning, premeditation, or specific intent to kill. We disagree.
 
 
 4
 The relevant inquiry in evaluating the sufficiency of the evidence to support a conviction is whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See Payne v. Borg, 982 F.2d 335, 333 (9th Cir.1992). A reviewing court need not ask itself whether it believes that the evidence at trial established guilt beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 313-24 (1979). To establish attempted first degree murder, the prosecution must prove that: (1) the defendant had a specific intent to kill the victim with express malice aforethought, see People v. Swain, 909 P.2d 994, 1000 (Cal.1996); (2) the act was wilful, deliberate and premeditated, see People v. Perez, 831 P.2d 1159, 1163 (Cal.1992); and (3) the act done to effectuate the murder was unsuccessful, see People v. Broussard, 142 Cal.Rptr. 664, 665 (Cal.Ct.App.1977).
 
 
 5
 Here, the district court found that the evidence supported Monroy's attempted murder conviction because he had a strong motive and the manner in which Monroy carried out the attack suggested that he thought about how to kill Ortiz. Finally, the district court held that Monroy engaged in at least minimal planning before his attack on Ortiz.
 
 
 6
 Monroy does not offer factual support for his allegation of insufficient evidence. However, when viewed in the light most favorable to the prosecution, the evidence showed that Monroy disliked Ortiz because of his ongoing relationship with Monroy's wife. The night before the stabbing, Monroy learned that his estranged wife planned to marry Ortiz. Monroy attacked Ortiz with a three-inch knife while Ortiz was kissing Monroy's estranged wife goodnight. The first knife wound was to Ortiz's left temple. Ortiz was ultimately transported to the University of San Diego Hospital where he underwent two surgical procedures to save his life.
 
 
 7
 Because a reasonable trier of fact could find that: (1) Monroy stabbed Ortiz out of anger over the impending marriage and intended to kill him; (2) Monroy wilfully, deliberately, and with premeditation went to his estranged wife's apartment carrying a knife; and (3) Monroy was unsuccessful in his attempt to kill Ortiz, the district court did not err by finding that there was sufficient evidence to support Monroy's attempted first degree murder conviction. See Payne, 982 F.2d at 338.
 
 
 8
 Morroy also contends that trial counsel was ineffective because he conceded Monroy's guilt during closing argument. This claim lacks merit.
 
 
 9
 To prevail on a claim of ineffective assistance, a petitioner must show both that his counsel's performance was deficient and that this prejudiced his case. See Strickland v. Washington, 466 U.S. 668, 688 (1984). "If it is possible to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, we may do so without examining the performance prong." See id. at 697. A petitioner must overcome the presumption that counsel exercised sound trial strategy, under the circumstances. See id. at 689. "A tactical decision by counsel with which the defendant disagrees cannot form the basis of a claim of ineffective assistance of counsel." Guam v. Santos, 741 F.2d 1167, 1169 (9th Cir.1984) (per curiam).
 
 
 10
 Here, the district court determined that trial counsel implemented clever trial strategy by arguing that Monroy was not guilty of attempted murder and, in the alternative, if he was guilty of anything, it was attempted voluntary manslaughter. Monroy claims that counsel's argument that his crime was done in the heat of passion was tantamount to an admission of guilt.
 
 
 11
 Because counsel's decision to argue alternative defenses constituted reasonable trial strategy, Monroy cannot show prejudice. See Strickland, 466 U.S. at 689; Guam, 741 F.2d at 1169.[1]
 
 
 12
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 To the extent Monroy claims that his ineffective assistance of counsel claim should have been analyzed under United States v. Cronic, 466 U.S. 648 (1984), the claim fails. The Cronic analysis is only used to evaluate counsel's overall performance when no specific errors are alleged, and the circumstances surrounding the case make it unlikely that the defendant could receive effective assistance of counsel. See id. at 666 & n. 41. Because Monroy alleged specific errors in counsel's performance, and because the circumstances surrounding his case are not unusual, the district court correctly applied the Strickland standard to his ineffective assistance of counsel claims