145 F.3d 1342
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
United States of America, Plaintiff-Appellee,
v.
Fred Moe HAGLER, Defendant-Appellant.
 No. 97-55905.
D.C. Nos. CV-96-04155-AK CR-89-764-1.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 14, 1998**.
Decided May 20, 1998.
 
 Appeal from the United States District Court for the Central District of California Alex Kozinski, Circuit Judge, Presiding.
 Before SCHROEDER, TROTT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Federal prisoner Fred Moe Hagler appeals the district court's denial of his 28 U.S.C. § 2255 motion, following his jury trial conviction for two counts of distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1). We review de novo a district court's denial of a section 2255 motion. See Frazer v. United States, 18 F.3d 778, 781 (9th Cir.1994). We have jurisdiction pursuant to 28 U .S.C. § 2255, and we affirm.
 
 
 3
 First, Hagler contends that his trial counsel was ineffective in failing to present an entrapment defense at trial. This contention lacks merit. Counsel's decision not to present an entrapment defense was a tactical decision and thus cannot form the basis of an ineffective assistance claim. See Strickland v. Washington, 466 U.S. 688, 689 (1984)(stating that a defense attorney has wide latitude in making tactical decisions); Guam v. Santos, 741 F.2d 1167, 1169 (9th Cir.1984)(stating that a tactical decision that the defendant disagrees with cannot form the basis of a claim of ineffective assistance of counsel). Accordingly, counsel's performance was not deficient. See Guam v. Santos, 741 F.2d at 1169.
 
 
 4
 Second, Hagler contends that his counsel was ineffective in failing to attack the use of his prior conviction for possession of narcotics as an enhancement. This contention lacks merit because Hagler's prior conviction was drug related. See 28 U.S.C. § 841(b)(1)(A)(1997); United States v. Baker, 10 F.3d 1374, 1420 (9th Cir.1993)(noting that the prior need only be drug related and final). Accordingly, counsel's performance was not deficient. See Baumann v. United States, 692 F.2d 565, 572 (9th Cir.1982).
 
 
 5
 Finally, Hagler contends that his counsel was ineffective in failing to challenge the district court's finding that he distributed rock cocaine. This contention lacks merit because the drugs in question were packaged and sold as rock cocaine, not powder cocaine. Purity levels are not relevant in this case. Accordingly, counsel's performance was not deficient. See Strickland, 466 U.S. at 689.
 
 
 6
 Because we find that counsel's performance was not deficient, we do not reach the issue of prejudice. See id.
 
 
 7
 Accordingly, the district court did not err in denying Hagler's 28 U.S.C. § 2255 motion. See Frazer, 18 F.3d at 781.
 
 
 8
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3