Azhar LAL, Petitioner—Appellant,

v.

Ernest ROE, Warden, Respondent— Appellee.

No. 01–16701.

D.C. No. CV–97–01459–LKK.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 7, 2002.

Decided Oct. 18, 2002.

Before BALDOCK,\* KLEINFELD, and RAWLINSON, Circuit Judges.

MEMORANDUM\*\*

Lal appeals the denial of his habeas petition. We reject all of his arguments and affirm. The reliance on the International Covenant of Civil and Political Rights is misplaced because the relevant portion confers no privately enforceable right.[1] The extradition treaty contains no right to counsel of choice. Lal's arguments about counsel's disloyalty, purported conflict of interest, and the need for a conflict hearing are foreclosed by *Nix v. Whiteside.*[2] Under *Nix*, there was no potential conflict to notify Lal of. Lal's disagreements with trial counsel over strategy cannot be the basis of an ineffective assistance claim.[3] We will not fault trial counsel for the choice of defense to present. It is not error to choose one weak defense strategy over another.[4] Lal was not entitled to an evidentiary hearing because the case could be decided on the

\* The Honorable Bobby R. Baldock, Senior United States Circuit Judge for the United States Court of Appeals for the Tenth Circuit, sitting by designation.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. *See, e.g., Hain v. Gibson,* 287 F.3d 1224 (10th Cir.2002).

2. 475 U.S. 157, 106 S.Ct. 988, 89 L.Ed.2d 123 (1986).

3. *Guam v. Santos,* 741 F.2d 1167, 1169 (9th Cir.1984); *Wildman v. Johnson,* 261 F.3d 832, 839 (9th Cir.2001).

4. *Hendricks v. Calderon,* 70 F.3d 1032, 1042 (9th Cir.1995).

state court record.[5] Finally, we note that the evidence of guilt was overwhelming and thus the alleged errors could not have prejudiced Lal.

AFFIRMED.

---

5. *Totten v. Merkle,* 137 F.3d 1172, 1176 (9th Cir.1998).

