35 F.3d 572
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Charles Frank JOHNSON, Defendant-Appellant.
 No. 93-56502.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 7, 1994.*
Decided Sept. 13, 1994.
 
 Before: HALL, WIGGINS, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Charles Frank Johnson appeals pro se the district court's denial of his motion to reconsider the dismissal of his petition for relief under 28 U.S.C. Sec. 2255. Johnson challenges his conviction and sentence for conspiracy and narcotics violations on the grounds that he was denied the effective assistance of counsel at trial and the district court misapplied the Sentencing Guidelines. We have jurisdiction and we affirm.
 
 
 3
 We review de novo both the district court's denial of section 2255 relief, United States v. Arellanes, 767 F.2d 1353, 1357 (9th Cir.1985), and the legal question whether a defendant received ineffective assistance of counsel, Smith v. Ylst, 826 F.2d 872, 875 (9th Cir.1987), cert. denied, 488 U.S. 829 (1988). To demonstrate ineffective assistance of counsel, a petitioner must show that his counsel's performance was deficient and that this prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). "A tactical decision ... with which the defendant disagrees cannot form the basis of a claim of ineffective assistance of counsel." Guam v. Santos, 741 F.2d 1167, 1169 (9th Cir.1984).
 
 
 4
 Johnson contends that his counsel "withheld evidence" that would have shown he was the victim of entrapment or duress. Counsel argued instead that the evidence showed that Johnson was a braggart, but not a criminal. We consider this a reasonable decision in light of Johnson's prior narcotics conviction, which the government could have introduced to rebut a defense of entrapment or duress. Accordingly, we conclude that counsel's performance was not deficient, and is not a basis for collateral relief. See Strickland, 466 U.S. at 689.
 
 
 5
 We do not address Johnson's allegations that the district court misapplied the Sentencing Guidelines as there is no basis here for allowing collateral attack "to do service for an appeal." Sunal v. Large, 332 U.S. 174, 178 (1947). We also decline to address Johnson's claims of prosecutorial misconduct, outrageous government conduct, and abuse of discretion, raised for the first time in this appeal. See United States v. Keller, 902 F.2d 1391, 1395 (9th Cir.1990).
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3