97 F.3d 1462
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Charles Frank JOHNSON, Defendant-Appellant.
 No. 95-56498.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 10, 1996.*
Decided Sept. 13, 1996.
 
 Before: FLETCHER, BRUNETTI and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Charles Frank Johnson appeals pro se the district court's denial of his second 28 U.S.C. § 2255 motion to vacate his conviction and sentence for conspiracy and narcotics violations. The district court had jurisdiction under 28 U.S.C. § 2255. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we review the denial of Johnson's § 2255 motion de novo. United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990). We affirm.
 
 
 3
 Johnson's second habeas petition to the district court asserts an ineffective assistance of counsel claim based on his trial counsel's failure to investigate, develop and present an entrapment defense. We rejected an identical contention in Johnson's first habeas petition. 1994 WL 497583 (9th Cir.1994). We concluded that the decision to argue that Johnson was a braggart instead of pursuing an entrapment or duress defense was a reasonable and strategic one in light of Johnson's prior narcotics conviction. Id. at ** 1.
 
 
 4
 The district court properly rejected Johnson's successive ineffective assistance of counsel claim on the ground that it was adjudicated on the merits against Johnson in his first habeas petition. Sanders v. United States, 373 U.S. 1, 15 (1963); Rule 9(b) Governing Section 2255 Proceedings for the United States District Courts. Johnson does not put forth a colorable claim of factual innocence or make any showing that the ends of justice would otherwise be served by a redetermination of his successive ineffective assistance of counsel claim. Id. at 17; Kuhlmann v. Wilson, 477 U.S. 436, 454-55 (1986) (plurality opinion); Schlup v. Delo, 115 S.Ct. 851, 862-64 (1995).
 
 
 5
 Johnson's second petition to the district court also includes an "outrageous government conduct" claim, which Johnson has waived on appeal by failing to mention it in his opening brief. Officers for Justice v. Civil Service Com'n of City and County of San Francisco, 979 F.2d 721, 726 (9th Cir.1992), cert. denied, 507 U.S. 1004 (1993). Further, even if Johnson had properly preserved the issue on appeal, the district court's factual finding that Johnson was a "ready and willing" participant in the drug deal is not clearly erroneous. See Doganiere v. United States, 914 F.2d 165, 167 (9th Cir.1990) (reviewing for clear error district court's factual findings in ruling on § 2255 motion), cert. denied, 499 U.S. 940 (1991). Thus, Johnson fails to show that the government engineered and directed the criminal enterprise from start to finish or that the government's conduct was otherwise "repugnant to the American system of justice." United States v. Smith, 924 F.2d 889, 897 (9th Cir.1991) (citation omitted).
 
 
 6
 We reject Johnson's claim based on allegedly erroneous jury instructions because he does not show either cause for or actual prejudice from his failure to object to the instructions at trial and on direct appeal. United States v. Frady, 456 U.S. 152, 167 (1982). We do not address Johnson's allegation that the district court erroneously denied him a downward departure under Sentencing Guideline 5K2.12 because he never raised this issue on direct appeal. United States v. Schlesinger, 49 F.3d 483, 485 (9th Cir.1994). Furthermore, we decline to address Johnson's sentencing error and improper jury instruction claims on the additional ground that Johnson did not raise them before the district court, but instead, seeks to raise them for the first time in this appeal. United States v. Keller, 902 F.2d 1391, 1395 (9th Cir.1990).
 
 
 7
 Because Johnson failed to present any potentially meritorious claims in his second habeas petition, the district court did not abuse its discretion in denying Johnson's motion for discovery. Rule 6(a) Governing Section 2255 Proceedings.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3